No. 15,730.

SEARLE *v.* SEARLE.
(172 P. [2d] 837)

Decided July 15, 1946. Rehearing denied September 21, 1946.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for plaintiff in error.

Messrs. PLEASANT & SHRIMPTON, for defendant in error.

*En Banc.*

Mr. Chief Justice Knous delivered the opinion of the court.

The subject of this review is an order of the district court modifying the award of custody of a minor child of the parties previously made by the trial court in a decree of divorce entered in due course. The parties are here in the same positions, relatively, as they appeared in the court below, and will hereinafter be designated as plaintiff and defendant.

As the result of the uncontested suit of plaintiff wife, the parties, both then residents of Craig, were finally divorced on May 31, 1944. The decree awarded the custody of their only child, Raymond Eugene Searle, born September 17, 1941, to plaintiff, "subject to the right of defendant to visit said child, until further order of the court." The parties agreed upon the matter of alimony and support of Raymond and no controversy has arisen over these items; however, shortly after the entry of the decree, plaintiff, accompanied by the boy, came to Denver, where she enrolled for study in a beauty school. In mid-August of that year, 1944, she permitted Raymond to visit defendant for a six-week period in Vernal, Utah, where the latter had become engaged in business and had remarried on October 7, 1944. A short time before this remarriage plaintiff returned the child to Craig, where, except for occasional trips to Denver, she resided with her parents until sometime in January, 1945, when, with the boy, she departed for Oregon where they remained until September, 1945. Upon her return to Colorado, plaintiff decided to resume her course in the Denver beauty school, to expedite which she and her parents arranged to move to Denver. Under the schedule of the school it would be necessary for plaintiff to be in attendance until September, 1946, to graduate. Defendant, of course, had not been able to see Raymond at all during plaintiff's sojourn in Oregon, and, following her return to Colorado, by the latter's

direction his visits had been limited to short periods in the home of plaintiff's parents in Craig, with one or both of them present at all times. Upon learning of the planned departure of the child, plaintiff and her parents from Craig to Denver, as alleged, defendant petitioned the court for a modification of the original order so as to permit him "to have the custody of his son * * * until the first day of September, 1946, and for three months out of each year thereafter under such terms and conditions as the court may require."

At the hearing which followed, defendant admitted that plaintiff had given the child proper care and attention and raised no question whatsoever as to her good character, but relied solely upon the contention that, in the circumstances shown, a division in custody was for the best interests of the boy. Judge Herrick, whom the record shows had presided in the divorce trial and had made the original custodial order, after considering the testimony adduced at the hearing for modification, found, and there was evidence to support the finding, that defendant was a fit and proper person to share the custody of his son, who was "no longer a babe in arms; that the defendant possesses the normal parental love for his child and has facilities for the proper and suitable care, shelter and maintenance of said child," and ordered: " * * * that the Petition to Amend and Modify Custody Order be, and the same hereby is, granted; that the order on custody is ordered changed in that the mother shall have the child nine months of the next year and the father three months, such periods to be agreed upon between the parties hereto; that custody be so continued until such time as the child is old enough to go to school, at which time it is ordered that the mother have custody during the school period and the father during the vacation period of each year; that the Defendant during the times he is allowed custody of the child, get and return said child at his own expense; that either of the parties, before removing said child from

the jurisdiction of this court, post a surety bond in the amount of One Thousand Dollars, with the sureties thereon to be approved by the Clerk of this court, conditioned for the return of said child into the jurisdiction of this court at the end of their respective custody periods."

Seeking the reversal of this order plaintiff specifies that both the petition for modification and the evidence, were deficient in failing to allege or show any change of circumstances arising subsequent to the original decree which would warrant or support the court's order of modification.

It is elementary that the divorce court may from time to time modify the custodial features of its decree as the circumstances of the parents and the welfare of the child may require, especially where, as here, the former decree was in terms "subject to further order of the court," and, whether or not an application for modification of the decree shall be granted, is subject to its sound discretion. See, 27 C.J.S., pp. 1185, 1186, §317.

As a condition of the exercise of such discretion, we said in *Averch v. Averch,* 104 Colo. 365, 90 P. (2d) 962, in accord with the general rule, that to change the permanent custody "and justify a modification of the decree" and an award of custody to the contesting party, "it was necessary that a change of circumstances be shown or new facts presented, which were unknown to the applicant at the time the decree was entered."

The courts in some jurisdictions (See, *Garner v. Garner,* 143 Okla. 183, 288 Pac. 298, and *Fay v. Fay,* 12 Cal. [2d] 279, 83 P. [2d] 716), distinguishing between situations wherein an exclusive change in the permanent custody of the child is sought, as in *Averch v. Averch, supra,* and those in which, as in the case at bar, only a temporary alternating division thereof is involved, have held that cases within the latter category constitute exceptions to the general rule, and that therein modifica-

tion may be ordered without the necessity of a showing of change in circumstances or of the condition of the parties. However, in the instant proceeding, it is unnecessary that we consider the validity of the distinction suggested, since herein the evidence at the modification hearing, almost in its entirety, consists of a recital of changes in the circumstances of both the parties and the child since the date of the original decree. At that time, in the language of the trial court, the child was a "babe in arms"; now he is about to enter school. When the initial order was entered, both parties lived in Craig, in which situation opportunity for the frequent association of the child with both of his parents continuously attended. Such situation obviously has been disrupted by intervening events. Thus, in the interim, on her own volition, plaintiff removed Raymond from Colorado for eight months and now proposes to change his and her abode to Denver. When as a result of the divorce, the family home of the parties in Craig was dissolved, defendant was without facilities for even the temporary care of Raymond. Since then, he has removed from Craig to Vernal, Utah, engaged in business, remarried, and now, as is undisputed, has a fit and proper domestic establishment in which to maintain his son. Under the authorities, any and all of these changes in circumstances are factors pertinent of consideration in a proceeding for the modification of a previous custodial decree. 27 C.J.S., pp. 1188-1192, §317b.

Considering the record in the present case, the question for our determination, as we apprehend, in reality does not hinge on any dearth of evidence of changed conditions as suggested by plaintiff in her specifications, but resolves itself into the determination of whether, under the changed conditions shown, the court abused its discretion in alternating the custody of the child between the parties.

There is nothing unusual in a court order providing for divided or alternating custody of children

between separated parents if the circumstances seem to justify such a course. 27 C.J.S., p. 1169, §308d. Indeed, the original decree maintained in *Averch v. Averch, supra,* provided for divided custody. Likewise, in *Fatur v. Huff,* 112 Colo. 213, 147 P. (2d) 477, we upheld a modification decree dividing the custody of a child on the basis of the school year between the mother and the sole custodian under the former decree. As stated by the author in 27 C.J.S., at the page and section last noted: "The court must consider that the child is entitled to the love, advice, and training of both father and mother, and the custody should be divided between parents exhibiting great solicitude for the child if no good reason otherwise appears."

In cases of this nature there really is but one issue before the court, namely, the welfare of the child. *Averch v. Averch, supra; Fatur v. Huff, supra; Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21; *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016, and *McGonigle v. McGonigle,* 112 Colo. 569, 151 P. (2d) 977; *McMillin v. McMillin,* 114 Colo. 247, 158 P. (2d) 444.

"In determining what is for the best welfare of a child of tender years, the courts must consider not only food, clothing, shelter, care, education, and environment, but must also bear in mind that every such child is entitled to the love, nurture, advice and training of both father and mother, and to deny to the child an opportunity to know, associate with, love and be loved by either parent, may be a more serious ill than to refuse it in some part those things which money can buy." *Brock v. Brock,* 123 Wash. 450, 212 Pac. 550, 551, wherein an order for alternating custody was upheld.

Patently, upon its face, the order of modification herein, considering the permissible factors above mentioned, was designed to insure the boy the benefits to be derived from frequent association with his divorced parents, which, as appears from the evidence, had been denied him by altered conditions arising subsequent to

the original decree. In reviewing an order affecting the custody of a child, an appellate court will make every reasonable presumption in favor of the acts of the trial court. 27 C.J.S., p. 1262, §324(4).

██ In the light of the diversity of the pertinent factors to be considered in adjudging the custody most conducive to the welfare of the child, as enumerated in *Brock v. Brock, supra,* — and there undoubtedly are others — it is quite evident that the mere circumstance that no subsequent disqualification of the parent awarded the original custody is shown, does not of itself preclude a modification to permit a division of the custody with the other parent, where, because of altered circumstances, it is found the welfare of the child is best served thereby. In fact, the fitness of both parents is the very basis of a decree for divided custody. *Baer v. Baer* (Mo. App.), 51 S.W. (2d) 873, 879.

██ While it is true, as counsel mention, that plaintiff stands depicted in the light of the divorce decree as the innocent and injured party, the custody of the child is not to be ordered with a view of heaping further punishment upon the one parent by reason of his responsibility for the severance of the marriage ties, or of granting a reward for previous good conduct to the other, particularly where, as here, the court has found expressly from substantial evidence that both are fit and proper persons to share the custody. See, *Baer v. Baer, supra.*

██ As was stated in *Brock v. Brock, supra*: "No question ever submitted to the courts calls for greater care or wisdom in its decision, and none is more far-reaching in its consequences," and "to decide such an issue on the cold record presented on appeal is a very serious responsibility." Having in mind that responsibility, as well as the sound statement in our opinion in *Fouts v. Pedrick,* 111 Colo. 141, 137 P. (2d) 1019, that in cases of this type, "in arriving at a correct result, so much depends upon the personal appraisal by the trial

judge of the parties involved," our careful examination of the record in the instant proceeding discloses no basis for our declaring any abuse of discretion by the district court.

The judgment is affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE ALTER dissent.