No. 17,865.

WAYNE L. HAYES *v.* SHIRLEY A. HAYES.

(303 P. [2d] 233)

Decided November 5, 1956.

Mr. ARTHUR E. MARCH, Mr. REX WELLS, for plaintiff in error.

Mr. JOHN J. TOBIN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error will be referred to as the husband, and defendant in error as wife. These parties were married in April 1946, and as the issue of the marriage two children were born, Leslie Ann Hayes on June 18, 1948, and William Lynd Hayes born June 22, 1950. A divorce action commenced by the husband on July 29, 1952, culminated in a final decree of divorce in favor of the wife on her cross-complaint. By stipulation of the parties the final decree provided that the husband was to have custody of the children from July 1 to August 1 of each year, and that the wife was to have their custody during the balance of the annual period. The husband was given the right to visit the children twice each week while they were in the custody of the wife. The husband was ordered to pay certain stipulated sums for the support of the wife and the two children. In August, 1953, the husband filed a petition alleging that the wife had taken the children to the state of South Dakota and he prayed for an order that they be returned to Colorado, and that the support money order be modified. In October, 1953, he filed another petition asserting that he had remarried and was able to care for the children and prayed for an order granting him their custody, which petition was denied.

It appears that the wife remarried and moved to Massachusetts where she lived with her new husband and the children. The children were brought to Colorado, and over several days a protracted hearing was held before the trial judge, which hearing culminated in an order dated November 8, 1955, in which the trial court reviewed the entire record and made a specific finding that "Both parents are fit and suitable to be intrusted with the custody of their minor children * * *. The well-being of the minor children would be best promoted by allowing the defendant [wife] to remove said minor children to her new residence in the State of Massachusetts for a period of each year." The trial court granted the husband custody of the children from

July 1 to September 1 of each year; ordered the wife to return them to Colorado each year at her expense and required of her a bond in the sum of $5,000 "to assure the return of the minor children to the jurisdiction of this Court and compliance with the orders of this Court." The parties stipulated that the husband was in arrears in payment of support money in the sum of $750, and the trial court directed that said sum be paid into the registry of the court forthwith, together with the sum of $50 per month commencing January 1, 1956, for the support of the two minor children.

It is here urged for reversal by counsel for the husband that the trial court abused its discretion in making the order of November 8, 1955, and erred in ordering the husband to pay the support money for the children during the time "the wife refused plaintiff the right to visit his children."

We have carefully considered the entire record which discloses the unfortunate situation between these parties and we fail to find anything which even remotely indicates that the trial court abused the discretion vested in it by our repeated pronouncements. The trial judge saw and heard the witnesses; evaluated their testimony, and made specific findings of fact with regard to the best interests of these small children. The trial judge fully safeguarded the rights of both parents, bearing in mind that the best interests of these little ones was the primary concern of the court. It is obvious that the trial judge was well aware of our holding in *Averch vs. Averch,* 104 Colo. 365, 90 P. (2d) 962; *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Searle v. Searle,* 115 Colo. 266, 172 P. (2d) 837.

It is generally held that courts will not deprive the mother of the custody of her children of tender years, unless it is clearly shown that she is so unfit a person as to endanger the welfare of the minors. In *Averch v. Averch,* supra, we said: "It is the universal opinion that a mother's love, care and affection for a

318

child of tender years are the most unselfish of all factors in human relations, and that the child is not to be deprived thereof unless for a very good reason, founded on lack of moral fitness and proper home surroundings."

The question as to whether a court may permit a child to be taken from the state first having jurisdiction to another jurisdiction, is, like all other questions affecting the welfare and best interests of the child, vested in the sound legal discretion of the trial court.

We find no error with reference to the order requiring the husband to pay arrears of support money for the children. At the trial it was stipulated and agreed that this sum was due and nothing in the record even intimates that counsel for the husband objected to that portion of the order. In fact the husband testified that he had tendered the amount. No valid reason was assigned why the court should not order the past due installments paid forthwith. The record does not disclose the entry of any judgment against the husband for this amount.

Perceiving no prejudicial error in the record, the judgment order modifying the amended final decree in divorce is affirmed.