No. 18,116.

DOROTHY I. CRITES *v*. PAUL D. CRITES.
(322 P. [2d] 1045)

Decided March 17, 1958.

Mr. Eugene H. Tepley, for plaintiff in error.

Mr. Harry E. Carleno, for defendant in error.

*En Banc.*

Mr. Chief Justice Holland delivered the opinion of the Court.

This case again presents the age-old problem of parental custody of children of tender years. Ordinarily the resolution of such matters by the trial court is not disturbed unless the record discloses an abuse of discretion. When such matters are extended over a considerable period of time and many appearances in court, it is excusable for any judge to appear to have yielded to aggravation and to follow natural inclinations and make expressions and enter orders that are not in keeping with the record. Such here appears.

Plaintiff in error, referred to herein as the mother, and the defendant father were divorced in the county court of Jefferson county on May 23, 1950, and the mother was awarded the custody of the two girls, aged six and eight years. In that action, defendant father maintained that he was not the father of the oldest girl and he did not ask for custody, and, so far as the record discloses, has never asked for custody. The father has since remarried and the stepmother situation injected another troublesome angle to the already turbulent circumstances. The father was indifferent concerning the support of the children as is evidenced by the record of

the many citations issued against him for non-support; in three instances he was found guilty of contempt and in one instance he was ordered to jail.

In July 1955, the mother filed petition for an increase in support money, alleging that $22.50 per week that she had been receiving was insufficient and that the father, then making approximately $500 per month, was able to pay more. This petition was set for hearing on September 2, 1955, but, without a hearing, was denied.

■ Through no fault of counsel, we are asked to review a case presenting this delicate problem when there was no record made. This case presents another indictment of the procedure of our so-called courts of record, being county courts where none of such matters are preserved by a reporter's transcript. In the last analysis the matter of the disposition of the custody and welfare of helpless children is of paramount importance and the results are more vital to society than the adjudication of material matters. How such is done should not be without a record. We can only approach the matter before us by some conjecture as made up piecemeal from the written statement of the conclusions of the trial court and from such a condition of the record we believe the orders of the trial court were somewhat arbitrary and not supported by any evidence whatever and therefore should be reversed, as we hope the following statement will disclose.

Upon the denial of the mother's petition for increased support money sometime following September 1955, the mother was in ill health, in debt, and further upset by the court's action in denying additional help in time of distress, and realizing that it was futile, from her financial condition, as well as her health, to struggle further in an attempt to properly rear and provide for the children, she told the father to take the girls. Immediately thereafter the father, without any notice to the mother and without a hearing, had the court enter an order confirming custody in him. Sometime in February

of the year following, the record shows that the court entered an order permitting visitation by the mother. Later in the summer the mother filed a motion for change of custody, alleging circumstances which disclosed material changes in her financial condition as well as a restoration of her health and alleging ability to provide for the girls. This was supported by the fact that she had succeeded in making final payments on her home; that her position as a waitress had so changed that she was earning approximately $10 a day; that the father had remarried and the stepmother was hostile toward the mother; that between the stepmother and the father, the girls were being prejudiced against the mother; and that the father had told the children that their mother was "indecent to have them overnight."

At the conclusion of the hearing on this motion, the trial court stated that its decision was based largely upon irritation and telephone calls by saying: "* * * this case has been nothing but a source of irritation to the Court * * *. We have been constantly irritated in the Court by calls from the neighborhood. I am just giving you my opinion. I don't have any evidence to substantiate it. I will let the order remain. Of course, time will be allowed."

This statement clearly indicates that the judgment of the court was not in fact a judicial determination, but was conceived in aggravation and not based on any evidence, as the court candidly stated. This statement robs the matter of the exercise of sound discretion. A judgment entered under circumstances as here disclosed, unsupported by evidence, must be and is hereby reversed and the cause remanded with directions for further hearing on plaintiff in error's petition.