482 P.2d 407 (1971)
Ellen K. MacREYNOLDS, Plaintiff in Error,
v.
William L. MacREYNOLDS, Defendant in Error.
No. 70-140.
Colorado Court of Appeals, Division II.
March 2, 1971.
Brenman, Ciancio, Rossman, Baum & Sobol, Martin Zerobnick, Denver, for plaintiff in error.
Robert W. Caddes, Denver, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal involving permanent orders rendered in a divorce action wherein the husband was plaintiff and the wife was defendant. The wife now claims an abuse of discretion by the trial court in its determinations regarding distribution of property and permanent alimony.
At the hearing on temporary orders, customary income and expense affidavits were filed by both parties and then, by stipulation, the parties agreed to several covenants to govern their conduct in financial matters during pendency of the suit, among which was the amount to be paid as temporary alimony. The trial court adopted the stipulation as its temporary orders. Eleven months later, affidavits were again submitted to the court for its determination on permanent orders and a full hearing was afforded with testimony by both parties, *408 in addition to other pertinent evidence. As a result of this hearing, permanent orders were entered which, among other things, reduced the alimony by about one-half of that set forth in the temporary orders.

I.
Defendant's principal contention is that the court erred in awarding permanent alimony substantially less than that awarded by the temporary orders. She maintains there was no substantial change in the status or financial condition of the parties between the time of issue of temporary orders and the hearing on permanent orders.
Contrary to defendant's contention, there was considerable evidence presented of material change in the circumstances of the defendant in the interval of time between the rendering of the temporary and permanent orders. However, since temporary orders are not in any way res judicata as to matters properly the subject of permanent orders, a showing of change of circumstances is not an essential element for the trial court's consideration in its establishment of permanent alimony. Fawcett v. Pinney, 232 Cal.App.2d 770, 43 Cal. Rptr. 160.
The purpose of temporary alimony is to allow a wife to live in her accustomed manner during pendency of the action and to provide her with means to properly litigate the controversy, Bieler v. Bieler, 130 Colo. 17, 272 P.2d 636, and is not definitive of her entitlement to support under permanent orders. El Khouri v. El Khouri, 22 A.D.2d 687, 253 N.Y.S.2d 159; Walker v. Walker, 18 A.D.2d 684, 235 N.Y.S.2d 850. The reduction of alimony under these circumstances was, therefore, not error. We adhere to the Colorado rule that awards of permanent alimony are within the sound discretion of the trial judge and will not be disturbed on review unless abuse of discretion is shown. Henderson v. Henderson, 164 Colo. 1, 431 P.2d 1022.

II.
Defendant further complains that the trial court abused its discretion in its order regarding disposition of the family home in Florida. In its permanent orders, the trial court ordered that the home be sold and the net proceeds applied to family obligations, including payment of debts for defendant's school tuition, with the balance, if any, to be divided between the parties. The wife was attending a school at the time of the hearing on permanent orders and was to be graduated from a course in hotel management within four months from the date of the hearing.
Under all the facts and circumstances in this case, and particularly where the husband-plaintiff had custody and complete responsibility for the minor children of the parties, we fail to see an abuse of discretion regarding this portion of the property settlement. Hyde v. Hyde, Colo., 457 P.2d 393.
Judgment is affirmed.
COYTE and DUFFORD, JJ., concur.