In re the MARRIAGE of Theresa Lynn LAWSON, Appellee,

and

Paul Brandt Lawson, Appellant.

No. 79CA0166.

Colorado Court of Appeals, Div. II.

March 6, 1980.

No appearance for appellee.

J. E. Kuttler, P. C., Marilyn R. Mihalik, Timothy Quinn, Aurora, for appellant.

STERNBERG, Judge.

In this custody dispute the husband appeals an order denying his request to convert a one-year award of temporary custody of a child into a permanent award of custody. We reverse.

The marriage of the parties was dissolved in 1977. They had been married for three years and had two children, a 2½ year old boy and a 1½ year old girl. The wife was represented by counsel in the dissolution proceedings; the husband was not, despite verbal and written suggestions from the wife's attorney that he should have counsel. The parties were young, having married when the husband was 17 and the wife 15. At the time of the dissolution hearing, the husband was in the Army, facing imminent transfer to Alaska. In addition to their domestic difficulties, the parties were also plagued by economic problems.

The parties tried to ameliorate both their domestic and financial problems in a property settlement agreement they had the wife's attorney prepare. It provided that "due to the financial inequities of the parties at this time the [wife] agrees that the [husband] shall have permanent custody of the son . . . and shall have *temporary* custody for one year of the daughter." (emphasis added) At the end of that year the wife was to have permanent custody of the girl. The record reflects that both the wife's attorney and the court questioned the wisdom of this agreement; however, the court overcame its doubts, found the agreement not unconscionable, and incorporated it in the decree of dissolution. Shortly thereafter the husband and children left Colorado to travel to Alaska.

At the end of the one-year period, the husband moved to "modify" the custody award, asking that he be given permanent custody of the daughter. He did not return the girl to the wife, who had remained in Colorado Springs. The wife then obtained a court order directing him to return the daughter to her based on the court's 1977 order. The wife also filed a motion to change the permanent custody of the son to her.

The record is replete with affidavits and with reports of social workers who evaluated the respective homes of the parties. Reports relating to the husband compiled by the Alaska Department of Health and Social Services indicated that the husband, with the help of his stepfather and mother who resided nearby, was providing a healthful and proper environment for the children, that both children had a good relationship with their father, and recommended that the husband retain custody of both children. An El Paso County Department of Social Services' report on the wife was generally favorable as to the home environment and parenting skills of the wife and her new husband with their infant. The authors considered only the possibility of both children returning to the wife, did not address the question of their separation, and declined to make a custody recommendation without knowing both parties and the children.

Following a hearing, the court denied the husband's motion for custody of the daughter and also denied the wife's motion for custody of the boy. No appeal has been taken from the denial of the wife's motion for change of custody. However, the husband does appeal the denial of his motion as well as the corollary order entered directing him to pay child support and a portion of the wife's attorney fees. Issues relating to the court's order purporting to enforce its 1977 order with respect to custody of the girl are now moot.

## I. THE 1977 CUSTODY AWARD

The husband asserts, and the record reveals, that at the time it considered the agreement of the parties, the court erroneously tested it only on the basis of

whether it was "unconscionable." Concepts of unconscionability are relevant when dealing with property issues; here the issue was custody of a child. *See* § 14–10–112(2), C.R.S.1973. The best interests of the child govern. *See, e. g., Kelley v. Kelley,* 161 Colo. 486, 423 P.2d 315 (1967). This principle is codified in § 14–10–124(1), C.R.S.1973. Thus, where, as here, the custody agreement of the parties has not been approved by the trial court under the proper statutory standard, we conclude that the agreement and decree purportedly approving it award only temporary custody. Also, we note that a temporary order is not "in any way res judicata" as to the permanent order. *See MacReynolds v. MacReynolds,* 29 Colo.App. 267, 482 P.2d 407 (1971); *see also* § 14–10–125, C.R.S.1973.

## II. THE MOTION FOR PERMANENT CUSTODY

At the hearing on the husband's motion for permanent custody of the daughter, the court placed on him the burden of meeting the standards for modification contained in § 14–10–131(2), C.R.S.1973. The fact that the husband's motion was denominated as seeking "modification" is not in and of itself binding upon the court. The relief sought by the motion was that permanent custody of the daughter be granted to the husband. His reference to the modification statute, § 14–10–131, C.R.S.1973, cannot stand in the way of determination of the substantial rights of the parties under the proper statute, § 14–10–124, C.R.S.1973. *See Moses v. Moses,* 180 Colo. 397, 505 P.2d 1302 (1973); *Swan v. Zwahlen,* 131 Colo. 184, 280 P.2d 439 (1955).

■ We hold that the section of the statute relating to modification of custody, § 14–10–131(2), C.R.S.1973, applies only where there is a motion filed by a non-custodial parent seeking a change of permanent custody. That statute is predicated upon "the child's present environment." Where, as here, the "present environment" is with the movant, the criteria for modification detailed therein have no relevancy to one who has custody. Section 14–10–124(1), C.R.S.1973, applies in this case, and the husband's motion required the trial court to determine what was in the best interest of the daughter under the standards therein specified. *Cf. Berman v. Berman,* 84 Mich. App. 740, 270 N.W.2d 680 (1978).

## III. THE STANDARD ON REMAND

■ The resolution of this case on remand is made more complex by the fact that, apparently, the daughter has been in the physical custody of the wife since March 1979. Now, it may well not be in the best interest of the child to be subjected to yet another change of custody, even though in March 1979 it might have been better for the child to have remained with her father and brother. Therefore, bearing in mind that what is best for the child is to govern, *see* § 14–10–124(1), C.R.S.1973, we order that on remand the court must make a current determination with respect to custody.

In the event that the parties reach an agreement concerning custody, the court shall evaluate it in light of the standards set forth in § 14–10–124(1), C.R.S.1973. In the absence of such agreement, it should order further investigations, take evidence as it deems appropriate, and make its determination of custody based on the standards in § 14–10–124(1), C.R.S.1973. Physical custody shall remain with the parent who now has such custody until the time a permanent order is entered. If the child is with the wife, the order for child support now in effect shall continue until further order. The trial court shall reevaluate its order for attorney fees, which was predicated, in part, upon the husband's having unsuccessfully sought a custody modification.

The order denying husband's motion for modification of custody is set aside and the cause is remanded for further proceedings consistent with the views expressed herein.

RULAND and KIRSHBAUM, JJ., concur.