**In re the MARRIAGE of Scott Moreland McGEE, Appellant,**

**and**

**Esther McGee, Appellee.**

**No. 79CA0203.**

Colorado Court of Appeals,
Div. II.

May 29, 1980.

Stevens & Moskovit, P. C., Roger E. Stevens, Harriet Templer Moskovit, Boulder, for appellant.

Sheldon, Bayer, McLean & Glasman, P. C., Robert L. McGee, Jr., Denver, for appellee.

ENOCH, Chief Judge.

This appeal arises out of a dispute over custody and visitation of the only child of a marriage dissolved in 1977. We affirm that portion of the orders by the trial court relating to permanent custody, but reverse the part of the orders dealing with visitation.

The parties met and married in Switzerland in 1969, and although they lived during most of the marriage in the United States, where the child was born, the mother retained Swiss citizenship. The father has always been a citizen of the United States. At the time of the decree of dissolution, the parties already were separated, the mother and child, with the consent of the father, having returned to Switzerland, and the father remaining in Colorado. Those proceedings were in the absence of the mother and child. The father was awarded custody.

Prior to the proceedings now on appeal, the parties stipulated to set aside the earlier custody orders and both parties appeared at the hearing. After hearing evidence, the court granted permanent custody to the mother in Switzerland. All visitation with the child, then three years old, was to be exercised in the city where the mother and child might reside. The father was allowed one week of visitation in 1979 and 1980, and thereafter, two weeks each year until the child reaches the age of 12.

The father contends that it was an abuse of the trial court's discretion to award permanent custody to the mother in a foreign country. We disagree.

The best interest of the child must predominate in any custody determination. Section 14–10–124, C.R.S.1973. And the policy of the law in Colorado is to permit removal of a child from the jurisdiction where it will serve the well-being and future interests of the child. *Nelson v. Card*, 162 Colo. 274, 425 P.2d 276 (1967).

The trial court specifically found that although either party would be a fit and

proper custodial parent, the interests of the child would best be served by her being in the custody of the mother. The evidence supports the court's finding that the relationship of the child with her mother was stronger than with her father and that the child had made an adjustment to a home with the mother. Therefore, there was no abuse of discretion by the court in granting custody to the mother.

The father also challenges the court's order for visitation on grounds that it does not allow him the reasonable visitation guaranteed a noncustodial parent under § 14–10–129(1), C.R.S.1973. We agree.

In that portion of its orders dealing with visitation, the trial court relied not only on its findings of a lack of recent contact between the father and child, but also on a finding that the mother was more "career oriented" than the father, and that the father "was not a particularly good provider when the family was intact." In the interest of the child, the trial court also reasoned that visitation should take place in the city where the mother and child reside until the child becomes reacquainted with her father.

While we do not disagree that, perhaps at least initially, the child should renew contact with her father in her own home environment, we do not agree that the visitation rights (one week in 1979 and 1980, and two weeks for each of the next seven years) should be so drastically curtailed. There is nothing in the record to justify such a limitation other than the court's apparent frustration over the father's work habits and conduct during the marriage.

It is the well-being of the child rather than the reward or punishment of a parent that ought to guide every aspect of a custody determination, including visitation. Section 14–10–124, C.R.S.1973. *See Crites v. Crites,* 137 Colo. 220, 322 P.2d 1045 (1958); *Searle v. Searle,* 115 Colo. 266, 172 P.2d 837 (1946). Even when one parent has been found not fit to be the custodial parent, liberal visitation rights have been favored.

*Harrison v. Harrison,* 170 Colo. 397, 462 P.2d 119 (1969). The often-quoted remark in *Searle v. Searle, supra,* bears repeating here:

> " '[T]o deny to the child an opportunity to know, associate with, love, and be loved by either parent, may be a more serious ill than to refuse it in some part those things which money can buy.' " 115 Colo. at 272, 172 P.2d at 840.

The court found that the father was fit and proper to be a custodial parent and there was no finding by the court, nor anything in the record to indicate that reasonable visitation by the father would "endanger the child's physical health or significantly impair [her] emotional development." Section 14–10–129(1), C.R.S.1973. Under these circumstances we find the visitation limitation to be unreasonable and an abuse of discretion.

Finally, we address the father's contention that it was improper to make a custody determination in the absence of an investigation regarding custodial arrangements as provided in § 14–10–127, C.R.S. 1973. The father argues that the language of the statute is mandatory and that the statute should be interpreted to require the court *sua sponte* to order such an investigation, even where the parties do not request it. We find no error.

The trial court had no duty on its own under § 14–10–127, C.R.S.1973,[1] to order a custodial investigation. And here, the court had no reason to order the investigation. The father admitted at trial that he had no strong criticism of the mother as a custodian, except his belief that she would set higher goals and expectations, whereas he would be a more flexible and understanding parent. Thus, because he did not dispute the mother's qualifications as custodian, the absence of an investigation could not have been prejudicial to his interests.

---

1. The General Assembly has since clarified the statute to specify that the trial court now has discretion on the issue of ordering a custodial investigation. Section 14–10–127, C.R.S.1973 (1979 Cum.Supp.)

The father argues alternatively that the court should have ordered an investigation because of a suggestion made during the hearing. Even if we were to assume that the remarks of counsel were tantamount to a request for the investigation, such a request was not timely. Section 14–10–127(3), C.R.S.1973, clearly mandates that where there is an investigation, the court must provide copies of the report to both parties ten days prior to the hearing. Hence, the father waived any right to request an investigation. *See In re Marriage of Armbeck*, 33 Colo.App. 260, 518 P.2d 300 (1974).

That part of the court's order creating the status of custodial parent in the mother is affirmed, and that part of the order fixing visitation rights by the father is reversed and the cause is remanded with directions to the trial court to allow more reasonable visitation rights beginning in 1980.

SMITH and RULAND, JJ., concur.