**In the Matter of Tracey Rena DAVIS, a Minor, and Concerning Clarence Todd, Petitioner-Appellee, Lucille Todd (Deceased), Petitioner,**

**and**

**Tony Davis, Parent-Appellant.**

**No. 81CA0899.**

Colorado Court of Appeals, Div. I.

Aug. 5, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Denied Dec. 20, 1982.

Kettelkamp, Vento & Brown, P.C., W.C. Kettelkamp, Jr., Pueblo, for petitioner-appellee.

Ware, Marroney & Cole, David E. Ware, Pueblo, for parent-appellant.

COYTE, Judge.

Tony Davis, father, appeals from an order denying change of custody to him of his minor child. We reverse.

The minor child, Tracey Rena Davis, was the child of Tony and Joyce Elaine Davis. Tony worked as a long-haul trucker, and was gone from one to three weeks at a time. The wife, Joyce, was employed and often left Tracey in the care of Lucille and Clarence Todd, the mother and step-father of Tony Davis. On February 2, 1979, Joyce was killed in an automobile accident, and Lucille and Clarence started caring for Tracey on essentially a full-time basis.

Subsequently, the Todds wanted to make arrangements so that they would have some authority over Tracey in case of illness. They also wanted the child placed under Mr. Todd's medical insurance at his place of employment. Tony Davis wanted them to care for the child until "he got back on his feet" and had a home for the child.

To these ends the Todds employed an attorney. Because Davis did not want an adoption, the attorney applied to the juvenile court for appointment of a guardian, but the juvenile court refused to enter an order without terminating parental rights and instead dismissed the case.

Thereafter, the attorney filed a petition in the district court seeking legal custody in the Todds for the minor child. This petition was signed and verified by the Todds as petitioners and Tony Davis as parent, and an order granting the Todds "legal custody" was entered on April 26, 1979.

Thereafter, on May 20, 1979, Lucille died. Davis temporarily moved into the home of Clarence Todd, and he hired babysitters to care for Tracey. On June 20, Clarence Todd was married. Thereafter, Tony Davis moved to Kansas, remarried in December 1979, and purchased a home but commenced having difficulties with Clarence Todd in seeing the child. Clarence Todd set the time and duration Davis could visit with the child. Clarence Todd also refused to give custody of the child back to Tony Davis.

As a result, Davis filed a petition for change of custody on January 8, 1980, which the court denied on February 26, 1981. The court held that the motion had been filed under § 14–10–131, C.R.S.1973, and, applying the standards of that statute, it ruled that no evidence had been presented which would indicate that the original custody order should be modified. It therefore denied the motion for a change of custody.

Tony Davis contends that the district court lacked jurisdiction to enter any custody order where the proceeding was not brought in connection with a dissolution of marriage proceeding. He therefore argues that all orders entered in the case are void and of no effect. We disagree.

Section 14–10–123(1), C.R.S.1973, the statute under which the district court assumed jurisdiction provides:

"A child custody proceeding is commenced in the district court or as otherwise provided by law:

(a) by a parent:

(I) by filing a petition for dissolution or legal separation; *or*

(II) by filing a petition seeking custody of the child in the county where the child is permanently resident or where he is found; or

(b) by a person other than a parent, by filing a petition seeking custody of the child in the county where the child is permanently ˙resident or where he is found, but only if the child is not in the physical custody of one of his parents . . . . (emphasis added)"

As the alternative ways of conferring jurisdiction in the district court are worded in the disjunctive in the statute, we conclude that petitions for legal custody do not have to be incidental to a dissolution of marriage proceeding for the district court to have jurisdiction. Accordingly, as the parent, Davis, and also Mr. and Mrs. Todd, all signed the petition for custody, and all jointly instituted this proceeding to acquire legal custody of this child in the county where the child was located, the district court properly assumed jurisdiction pursuant to § 14–10–123(1)(a)(II) and (b), C.R.S. 1973.

Davis next contends that the trial court erred in determining that the original custody order was to be considered a permanent order. We agree.

The record reveals that when the parties sought the original custody order they all intended that this order be entered only for temporary custody. However, when the original order was entered, this intention had not been communicated to the court, and the order did not reflect that it was to award only temporary custody.

During the hearing on the motion at issue, it became apparent that the parties had each intended that an order for temporary custody be entered. However, the trial court was adamant in its position that since this intent had not been revealed to it, the order was permanent and that the request for change in custody should be considered under § 14–10–131, C.R.S.1973. This was error.

In any child custody action, the overriding concern is the best interests of the child. As there was no dispute between the parties that the original order was intended to be temporary, the court should have considered its original custody order as having been temporary, *see In Re Marriage˙ of Lawson,* 44 Colo.App. 105, 608 P.2d˙378 (1980), and, thus, should have resolved the issue of permanent custody under § 14–10–124, C.R.S.1973. Hence, the court should have considered the factors set forth in § 14–10–124, C.R.S.1973, in deciding whose custody would be in the best interest of the child. On remand, the court should apply the criteria set forth in § 14–10–124, C.R.S. 1973, to determine permanent custody of the child under the circumstances as they exist at the time of the new hearing.

The order is reversed and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

VAN CISE and STERNBERG, JJ., concur.