In re the MARRIAGE OF: Mary Q. GRIFFIN, Appellee,

and

Clarence A. Griffin, Appellant.

No. 81CA1302.

Colorado Court of Appeals, Div. III.

Nov. 4, 1982.

Rehearing Denied Jan. 13, 1983.

Certiorari Granted June 13, 1983.

Roper, Lief & Mains, Charles G. Lief, Boulder, for appellee.

John G. Taussig, Jr., John T. Carpenter, IV, Boulder, for appellant.

STERNBERG, Judge.

Clarence A. Griffin appeals the denial of his motion to enforce a provision of the separation agreement between his former wife, Mary, and himself concerning the choice of schools for their son, Hardy. We reverse and remand for further proceedings.

The trial court had incorporated in its dissolution of marriage decree a separation agreement entered into between the parties. In that agreement the mother was given custody of the son, but certain legal rights were expressly reserved to the father with respect to the boy. Among these were that:

> "Both parents shall fully and equally participate in the education of their child. Schools shall be selected jointly.... Both parents shall participate in Parent-Teacher conferences and other school related parental obligations such as trips, car pools and fund raising. These are the legal and binding rights of both parties."

It was also provided that the court "shall have continuing jurisdiction over the welfare of the child and to enforce the rights of either party to joint decision making ...." And, in a section entitled "Joint Decisions and Deadlocks," the district court is given "continuing jurisdiction to enforce the rights of either party to joint decision making, visitation and custody ...."

The child was to visit with the husband for three consecutive weekends each month, commencing Friday after school and concluding Sunday evening, six weeks each summer, and "one or the other of the winter or spring school breaks." The agreement further provided that custody of the son, then aged seven, could be changed on his 13th birthday based solely on what was in the best interest of the child, without need for proof that his environment endangered his health or impaired his emotional development. *Cf.* § 14–10–131(2)(c), C.R.S. 1973.

This dispute arose when the mother enrolled the son in the Vidja School in Boulder, a private non-sectarian institution having ties to the Tibetan Buddhist Community. The father objected to this choice and filed a motion seeking an order to allow his participation in the choice of schools. Eventually, the trial court denied this motion, ruling that as the custodian, the mother's decision should control pursuant to § 14–10–130(1), C.R.S.1973.

We disagree with this conclusion. Instead, we interpret the agreement as intending that the mother have legal custody of the son, but that, with respect to education, the parties are to have joint decision-making powers concerning the son's education. In a provision relating to medical treatment for the son, the parties provided that the decision of the father, a physician, should control in the event the parties were unable to agree. The fact that the agreement contains no such provision with respect to a deadlock over the son's education, supports the conclusion that the intention of the parties was to create equal decision-making authority on this issue.

In our view, § 14–10–130(1), C.R.S.1973, does not resolve this case. While that statute does give priority to a custodial parent's decisions in matters of this type, by its own language it applies "except as otherwise agreed by the parties in writing ...." Here, the parties unambiguously and repeatedly did otherwise agree in writing with respect to the education of their son; hence, the statute making paramount

the custodial parent's decisions is inapplicable.

Consequently, inasmuch as the agreement indicates that any decision as to the son's education is to be a joint one, but contains no provision for breaking a deadlock in the event of the inability of the parents to agree, the court must determine the issue of choice of schools.

In making such determination, the trial court may seem to be embarking on uncharted seas; however, in reality the situation is not dissimilar from the task before the court in other matters concerning children involved in a dissolution of marriage proceeding. Since the issue is one relating to education of a child, the best interests of the child is the lodestar by which the trial court must guide its discretion. *See Asch v. Asch,* 397 A.2d 352, 164 N.J.Super. 499 (1978). *Cf. Marriage of Lawson,* 44 Colo. App. 105, 608 P.2d 378 (1980).

The order is reversed, and the cause is remanded to the trial court with directions to conduct a hearing on, and to determine, the school which will best serve the interests of the child.

KIRSHBAUM and TURSI, JJ., concur.