In re the MARRIAGE OF Mary H. DICKMAN, now known as Mary S. Hillsman, Appellee,

and

Thomas J. Dickman, Appellant.

No. 82CA1409.

Colorado Court of Appeals, Div. I.

June 30, 1983.

Rehearing Denied July 28, 1983.

Mary S. Hillsman, pro se.

Malman & Malman, P.C., Robert L. Malman, Denver, for appellant.

VAN CISE, Judge.

In this dissolution of marriage action, Thomas J. Dickman (the father) appeals from an order granting sole custody of the parties' only child to Mary H. Dickman (the mother). We affirm.

At the time of the dissolution of the parties' marriage in August 1981, the court ordered that the parties jointly share custody of their five-year-old son and, further, ordered that such custody be reviewed in August 1982 prior to the child's enrollment in school.

In January 1982, the mother filed a motion seeking sole custody of the child. That

motion was considered by the court in August 1982. At the hearing, the parties agreed that joint custody was not workable for them, and each asked for sole custody.

### I.

On appeal, the father contends that, in awarding sole custody to the mother, the trial court failed to consider the factors set out in § 14–10–124(1), C.R.S.1973, and that the decision was not supported by the evidence. We disagree.

While the court did not make specific findings on each factor included in § 14–10–124(1), it did make findings sufficient to enable this court to determine that its decision was supported by competent evidence. *Cf. In re Marriage of Jaramillo,* 37 Colo.App. 171, 543 P.2d 1281 (1975). Specifically, the court noted the desire and fitness of each parent for custody, the stability of the mother, her tenacity in working to obtain her college degree majoring in education, the amount of time the child spent with each parent, and the confusion caused the child by moving back and forth from one parent to another.

A determination of custody is properly left to the discretion of the trial court, and, in the absence of an abuse of that discretion, we will not reverse. *Menne v. Menne,* 194 Colo. 304, 572 P.2d 472 (1977). There was no abuse here.

### II.

The father next contends that the change in custody should have been made pursuant to the provisions of § 14–10–131, C.R.S.1973, relating to modification of custody. We do not agree. That statute applies only in cases where a non-custodial parent is seeking a change of custody. *In re Marriage of Lawson,* 44 Colo.App. 105, 608 P.2d 378 (1980). Where, as here, the parties share custody of the child, there are two "present environments" which both parties admitted to be an improper arrangement which should be changed, and both seek sole custody, the statutory criteria for modification is inapplicable. *See Lawson,*

*supra.* Hence, the court properly applied the best interests standard in § 14–10–124(1), C.R.S.1973. *Lawson, supra.*

### III.

The father further contends that the court abused its discretion by not requiring updated psychological and custody evaluations. Again we disagree. The ordering of such an investigation is discretionary, not mandatory. *See In re Marriage of McGee,* 44 Colo.App. 330, 613 P.2d 348 (1980). And, if it is to be ordered, it would be "on motion of either party or upon the court's own motion." Section 14–10–127(1), C.R.S.1973. Here, the court was not even asked to rule on the matter of whether there should be an update.

The other contentions of the father are without merit.

Order affirmed.

PIERCE and BABCOCK, JJ., concur.