In re the MARRIAGE OF Teresa
BARNTHOUSE, Appellee,

and

William Barnthouse, Appellant.

Nos. 86CA0989, 86CA1452 and
87CA0054.

Colorado Court of Appeals,
Div. III.

June 16, 1988.

Rehearing Denied July 21, 1988.

Certiorari Denied Nov. 28, 1988.

Sandra J. Pfaff, Denver, for appellee.

Irvin M. Kent, Aurora, for appellant.

METZGER, Judge.

This is a consolidated appeal from three trial court orders entered in a dissolution of marriage action. We affirm.

## I.

William Barnthouse (father) first contends that the court abused its discretion when it divided the custody of the parties' three children, awarding custody of the two older children to the father, and the youngest child to Teresa Barnthouse (mother). He argues that divided custody is proper only under compelling or unusual circumstances, that the trial court made no findings with respect to such circumstances here, and that the record fails to support the court's conclusion. We disagree.

Custody determinations must be made by the trial court "in accordance with the best interests of the child." Section 14–10–124(1.5), C.R.S. (1987 Repl. Vol. 6B). Although a child's relationship with his or her siblings is a relevant consideration, § 14–10–124(1.5)(c), the court must consider all the relevant factors with respect to each child, and then determine the best interests of each child individually.

After a thorough and extensive recitation of its findings of fact, the trial court concluded "in this unusual and extreme case it is in the *paramount* best interests of these boys that custody be divided between the parents." (emphasis in original) The evidence amply supported the trial court's determination that the best interests of the youngest child were not the same as the best interests of the older children; accordingly, we find no error. *See Songster v. Songster*, 150 Colo. 466, 374 P.2d 197 (1962); *In re Marriage of Dickey*, 658 P.2d 276 (Colo.App.1982).

## II.

The father's contention that he was deprived of due process by the custody award is also without merit. While neither of the parents specifically addressed at the

permanent orders hearing the possibility of separating the children, both presented extensive evidence and offered lengthy argument with respect to each child and his needs and interests. Thus, the requirements of due process were met.

### III.

The father next contends that the trial court abused its discretion by granting the mother's motion to move out of state with the youngest child. We disagree.

The question whether a child may be removed from the state rests in the trial court's discretion, *Hayes v. Hayes*, 134 Colo. 315, 303 P.2d 238 (1956), and the court's determination will not be set aside if it is based on the child's best interests. *In re Marriage of McGee*, 44 Colo.App. 330, 613 P.2d 348 (1980).

Here, the record showed that the move would serve the child's well-being and future interests. Therefore, we will not set aside the order. *See In re Marriage of McGee, supra.*

### IV.

The father also contends that the trial court should have removed the children's attorney *sua sponte* because she was not following the children's wishes. His contention is without merit.

In a dissolution of marriage action an attorney may be appointed "to represent the interests of a ... child with respect to his custody, support, and visitation." Section 14–10–116, C.R.S. (1987 Repl.Vol. 6B). *See also* C.R.C.P. 17(c).

The relationship between an attorney and a child is not the same as that between an attorney and an adult client. *See generally* Note, *Lawyering for the Child: Principles of Representation in Custody and Visitation Disputes Arising From Divorce*, 87 Yale L.J. 1126 (1978). The purpose of an appointed attorney in a custody dispute is to determine and recommend those available alternatives which are in the best interests of the child. Section 14–10–116, C.R.S. (1987 Repl.Vol. 6B).

When a statute gives a court the power to appoint an attorney for children in custody disputes, that advocate must represent the children's interests alone. In so doing, the attorney is not to take a passive role but should present all evidence available concerning the child's best interests. The attorney is not simply to parrot the child's expressed wishes. *In re Marriage of Kramer*, 177 Mont. 61, 580 P.2d 439 (1978). Thus, this obligation imposes a higher degree of objectivity on a child's attorney than that for an attorney representing an adult.

Although § 14–10–116, C.R.S. (1987 Repl. Vol. 6B) does not enumerate the attorney's obligations with specificity, in this case the attorney for the children performed functions substantially similar to those imposed on guardians ad litem appointed under § 19–10–113(3), C.R.S. (1986 Repl.Vol. 8B) of the Children's Code.

That statute provides:

"The guardian ad litem shall be charged in general with the representation of the child's interest. To that end he shall make such further investigations as he deems necessary to ascertain the facts, talk with or observe the child involved, interview witnesses and the foster parents of the child, and examine and cross-examine witnesses ... and may introduce and examine his own witnesses, make recommendations to the court concerning the child's welfare, and participate further in the proceedings to the degree necessary to adequately represent the child."

Here, the trial court allowed the attorney to call witnesses, to investigate, to report and make recommendations, and specifically found that she had performed her duties in a careful, professional, and unbiased manner. The record supports these findings. Moreover, in making its custody determination, the trial court considered several factors in addition to the recommendation of the children's attorney. The court conducted its own interview of the children, ordered a report from a custody evaluator, heard conflicting testimony from three experts, and presided over eight

full days of trial. Thus, we cannot say that the trial court abused its discretion in condoning the attorney's conduct of the case or in considering the attorney's recommendations.

 In light of this conclusion, we find no merit in the father's contention that the court abused its discretion when it ordered him to pay a portion of the fees for the childrens' attorney.

## V.

 The father next contends that the order finding him in contempt for violating various temporary orders was issued without giving him sufficient opportunity to present evidence. We disagree.

The evidence relating to the father's contempt was elicited at the permanent orders hearing. He attempted to call the children as witnesses, but the trial court denied his request.

A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Gomez,* 728 P.2d 747 (Colo.App.1986). Here, there was ample evidence to support the contempt order, and we will not set it aside because of the court's decision to protect the children from the rigors of testifying.

 Furthermore, the trial judge had no duty to recuse herself from the contempt hearing. The trial judge did not initiate the issuance of the citation, and was affected by husband's contemptuous behavior only in a judicial capacity. *See Harthun v. District Court,* 178 Colo. 118, 495 P.2d 539 (1972).

## VI.

 In light of the record, we find no error in the court's conclusions that the father was responsible for the depletion of the marital estate, and that he was voluntarily earning less than he was capable of earning. Therefore, there is no merit to the father's contention that the property

division, child support award, and maintenance awards are erroneous.

Judgment and orders affirmed.

STERNBERG and HUME, JJ., concur.