**In re the MARRIAGE OF Patricia J. NUSSBECK, Appellee,**

and

**Robert J. Nussbeck, Appellant.**

No. 94CA0770.

Colorado Court of Appeals, Div. II.

June 1, 1995.

McGuane and Malone, P.C., Kathleen A. Hogan, Denver, for appellee.

Thomas H. May, Denver, for appellant.

Opinion by Judge JONES.

In this dissolution of marriage proceeding, Robert J. Nussbeck (husband) appeals certain orders concerning maintenance payable to Patricia J. Nussbeck (wife). We dismiss part of the appeal and affirm the permanent orders in all other respects.

In 1986, the wife petitioned for dissolution of the parties' marriage. The parties filed a stipulation that, beginning April 1987, the husband would pay the wife $330 per month temporary maintenance and support.

In 1989, the husband moved to terminate his maintenance obligation. After a hearing, the trial court denied that motion. On the wife's subsequent motion, the court entered judgment in her favor for $13,200 in arrearages. The husband filed various motions in 1990, 1991, and 1992, seeking relief from that judgment, all of which the court denied.

In 1991, a decree of dissolution was entered, but permanent orders concerning maintenance and other issues were delayed pending the resolution of the parties' bankruptcy actions.

In 1993, in connection with various contempt proceedings, the court clarified that the husband's $330 per month obligation was a valid maintenance obligation.

Also in 1993, the husband moved to vacate the maintenance orders entered after the date of the decree. He asserted that the parties had entered into agreed temporary orders and that those orders terminated by operation of law when the decree entered in 1991.

The permanent orders finally were entered in 1994, denying the wife further maintenance. However, the court also found that interest had accrued on the 1990 arrearage judgment and that there was an additional maintenance arrearage of $11,753.24 for the period from November 1990 to May 1993.

■ As an initial matter, we note that the husband's 1994 notice of appeal is not timely concerning his challenges to the court's refusal to terminate maintenance and of its entry of judgment as to arrearages which had accrued prior to the entry of the decree of dissolution. Temporary orders as to maintenance are reviewable as a final judgment even if there has not been a final judgment in the form of a decree of dissolution. *See In re Marriage of Westlake*, 674 P.2d 1386 (Colo. App.1983).

■ Here, the husband failed to appeal the earlier orders establishing and continuing maintenance. Therefore, his challenges to those issues are collateral to matters as to which he failed to file a timely appeal. Thus, this court has no jurisdiction to consider the husband's challenge to the 1987 temporary orders, the 1989 denial of his motion to terminate maintenance, the 1990 judgment for unpaid support, or the 1991 and 1992 orders denying him relief from that judgment. C.A.R. 4(a). *See In re Marriage of Turek*, 817 P.2d 615 (Colo.App.1991); *In re Marriage of Barber*, 811 P.2d 451 (Colo.App. 1991). Accordingly, we dismiss the portion of this appeal which concerns that judgment and those orders and only address the husband's contentions regarding the 1994 permanent orders.

I.

■ The husband first contends that the trial court's refusal to proceed to decree of

dissolution and permanent orders operated to his prejudice. We find no grounds for reversal.

Contrary to the husband's appellate assertions, the limited record provided for our review suggests that both parties were involved in personal and business bankruptcies. The record further indicates that the husband sought or agreed to continuances based on those pending bankruptcy proceedings. Accordingly, we find no merit in his argument that he was prejudiced by the delay. *See* 11 U.S.C. § 362(a) (1988); *see also In re Marriage of Ebel*, 874 P.2d 406 (Colo.App. 1993).

## II.

The husband next contends that his temporary maintenance obligation ended upon entry of the decree of dissolution in 1991 and did not continue until the permanent orders were entered in 1994. We disagree.

■ Section 14–10–108(5)(c), C.R.S. (1986 Repl.Vol. 6B) provides that a temporary order terminates when the final decree is entered. However, if the decree of dissolution leaves the issue of maintenance to be resolved later, the temporary orders may remain in effect. *See In re Marriage of Price*, 727 P.2d 1073 (Colo.1986).

In *Price*, the supreme court was dealing with a temporary child support order, but made general reference to § 14–10–108(5)(c), C.R.S. (1987 Repl.Vol. 6B), which states that: "A temporary order ... [t]erminates when the final decree is entered, unless continued by the court for good cause to a date certain...." The court held "that where a court continues the determination of permanent child support to a time subsequent to the entry of a decree of dissolution, a temporary child support order is not terminated on the date of dissolution by virtue of Section 14–10–108(5)(c)." *In re Marriage of Price, supra*, at 1076–1077.

■ The rationale for such holding as to child support applies equally as strongly to temporary orders of maintenance. The underlying purpose of the Uniform Dissolution of Marriage Act, §§ 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B), "to mitigate the potential harm to spouses and their children caused by the process of legal dissolution of marriage," is furthered "by maintaining the status quo pending final disposition of the dissolution proceeding." *In re Marriage of Price, supra*, at 1076.

■ Thus, to allow a party to terminate his or her maintenance payments when a decree of dissolution is entered that is mute on the issue of maintenance would disturb the status quo, frustrate a central purpose of the Act, and allow evasion of an important stabilizing aspect of the dissolution process on the irrelevant basis that a decree of dissolution had entered without permanent orders as to maintenance. *See In re Marriage of Price, supra*. The important purposes of temporary maintenance, namely, to place the parties on an equal footing during the dissolution process, *see Bieler v. Bieler*, 130 Colo. 17, 272 P.2d 636 (1954), and to provide funds for a spouse who requires maintenance during the pendency of the action, *see MacReynolds v. MacReynolds*, 29 Colo.App. 267, 482 P.2d 407 (1971), should not be frustrated simply because the decree has entered while the proceeding and the needs continue.

In our overview, the duty to pay maintenance is independent and is not limited or specifically tied to the entry of a decree of dissolution. Thus, we will not interpret § 14–10–108(5)(c) in a manner inconsistent with this fundamental proposition. *See In re Marriage of Price, supra*.

■ Accordingly, we hold that when a court enters a decree of dissolution and does not enter a permanent order concerning maintenance concurrently, an order of temporary maintenance is not terminated on the date of dissolution by virtue of § 14–10–108(5)(c). When possible, however, at the time the decree is entered, the court should set a definite date when the permanent orders concerning maintenance will be considered and determined.

■ Here, the 1991 decree dissolved the marriage, but left all other issues, including maintenance, pending until the bankruptcy proceedings were completed. In these circumstances, the trial court properly conclud-

ed that the temporary orders for maintenance continued in effect past the date of the decree.

### III.

The husband further argues that the court's computation of the arrearage was incorrect. As these factual arguments were not brought to the trial court's attention, we will not consider them now. *See In re Marriage of Gavend,* 781 P.2d 161 (Colo.App. 1989).

### IV.

 We find no merit in the husband's final contention that he was penalized and prejudiced by the court's abuse of discretion and various rulings. Adverse rulings generally do not constitute grounds for claiming bias or prejudice. *In re Marriage of Johnson,* 40 Colo.App. 250, 576 P.2d 188 (1977).

The appeal is dismissed as to the 1990 judgment and the 1991 and 1992 orders. The 1994 judgment setting out permanent orders is affirmed.

CRISWELL and CASEBOLT, JJ., concur.