In re the MARRIAGE OF Michelle A. MONTEIL, Appellant,

and

Frederick H. Monteil, Appellee.

No. 97CA1027.

Colorado Court of Appeals, Div. III.

April 30, 1998.

John Traphagan Vap, P.C., John T. Vap, Loveland, Colorado, for Appellant.

Shively, Strommen & Holst, P.C., Carol J. Shively, Longmont, for Appellee.

Opinion by Judge PLANK.

In this dissolution of marriage action, Michelle A. Monteil (mother) appeals from the judgment entered after the permanent orders hearing which awarded Frederick H. Monteil (father) residential custody of the parties' two youngest children. We affirm.

.I.

Mother first contends that the trial court erred in applying the best interests standard to resolve the question of the children's residential care and removal from the state of Colorado. She argues that because she was awarded temporary residential custody of the children, the endangerment standard adopted in *In re Marriage of Francis*, 919 P.2d 776 (Colo.1996), applies. We disagree.

In *In re Marriage of Francis, supra*, the endangerment standard, rather than the best interests standard, was applied in determining whether to change permanent sole custody from mother to father based on mother's proposed move to another state.

However, the best interests standard has been consistently applied to an original determination of permanent custody. *See In re Marriage of Barnthouse*, 765 P.2d 610 (Colo. App.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 184 (1989); *In re Marriage of Rinow*, 624 P.2d 365 (Colo.App. 1981); *In re Marriage of McGee*, 44 Colo. App. 330, 613 P.2d 348 (1980); *In re Marriage of Lawson*, 44 Colo.App. 105, 608 P.2d 378 (1980).

In *In re Marriage of McGee, supra*, mother and the children had returned to mother's home in Switzerland during the pendency of the proceedings and mother was awarded permanent custody, so a change in residential custody was not involved. *In re Marriage of Barnthouse, supra*, concerned a situ-

ation, as here, where each party was given custody of one or more of the children. Although removal was allowed as part of the permanent orders, the case does not indicate the temporary placement of the children.

As mother argues, neither *In re Marriage of Rinow, supra*, nor *In re Marriage of Lawson, supra*, involved removal of the children from the state. However, both cases are instructive to the issue before us. *In re Marriage of Lawson, supra*, involved a situation in which the parent with temporary custody of one child was already living out-of-state at the time of permanent orders. A division of this court held that the best interests standard applied, in part because the residence of the child had been with father. However, the court there also recognized that the parties' agreement for temporary custody was not in any way *res judicata* as to the permanent order for custody.

All of these cases predated the supreme court's decision in *In re Marriage of Francis, supra*; however, we conclude that *Francis* did not change the standard that applies when an original award of permanent custody is made. In *Francis*, the supreme court recognized the traditional rule set forth in *Hayes v. Hayes*, 134 Colo. 315, 303 P.2d 238 (1956), and expressly observed that it was not addressing the removal question within the context of an original award of custody. Instead, its analysis was predicated upon the fact that a custodial parent had been previously determined at the time of permanent orders and that any change in residential custody necessarily constituted a modification of the original custody award.

■ Here, however, mother was residential custodian under temporary orders only. Section 14–10–108(5)(a), C.R.S.1997, provides that a temporary order does not prejudice the rights of the parties or the child which are to be adjudicated at subsequent hearings in the proceedings. *See In re Marriage of Lawson, supra*. Thus, under the plain language of §14–10–108(5)(a), we conclude that the endangerment standard adopted in *In re Marriage of Francis, supra*, does not apply to the determination of removal within the context of an original award of permanent custody.

## II.

■ Mother also contends that the trial court abused its discretion in awarding father residential custody. We disagree.

■ The question of custody is within the sound discretion of the trial court, and once that determination is made, the reviewing court will not substitute its judgment therefor so long as there is sufficient evidence to support the trial court's ruling. *In re Marriage of Short*, 675 P.2d 323 (Colo.App.1983), *rev'd on other grounds*, 698 P.2d 1310 (Colo. 1985).

Here, the trial court found with record support that the parties had moved numerous times during the marriage and that mother's mental and physical health negatively impacted her ability to parent the children. It also found most important the evidence which established inappropriate and excessive parental alienation by mother. Finally, the court found that it was very important that each parent encourage the sharing of love, affection, and contact between each child and the other parent and positively support the parenting effort of the other, especially with regard to the younger children.

Accordingly, because there is competent evidence to support the custody determination, we may not disturb it on review. *See In re Marriage of Finer*, 920 P.2d 325 (Colo. App.1996).

## III.

■ Mother also asserts that the trial court committed plain error when it refused to allow the direct and cross-examination of the guardian ad litem. We disagree.

Here, as mother acknowledges, she did not seek to call the guardian ad litem as a witness in this case. Rather, it was father's request to call the guardian for limited questioning that was denied by the court. Therefore, wife's assertion of plain error is not sustainable. *See In re Marriage of Aldrich*, 945 P.2d 1370 (Colo.1997) (failure to make timely request for hearing waives that right); *see also In re Marriage of Martin*, 910 P.2d

83 (Colo.App.1995) (wife waived right to cross-examine husband by her acquiescence to procedure adopted by court).

Judgment affirmed.

BRIGGS and CASEBOLT, JJ., concur.