## UNITED STATES v. BOSTON & M. R. CO.

### (District Court, D. Massachusetts. January 5, 1909.)

1. RAILROADS (§ 229*)—OPERATION OF RAILROADS—SAFETY APPLIANCE ACT.

   Section 4 of the safety appliance act (Act March 2. 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]) requires secure grabirons or handholds at those points in the end of each car where they are reasonably necessary in order to afford to men coupling or uncoupling cars greater security than would be afforded them in the absence of any grabiron or handhold at that point or of any appliance affording equal security with a grabiron or handhold.

   [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*]

2. RAILROADS (§ 229*)—OPERATION OF RAILROADS—SAFETY APPLIANCE ACT.

   If at any place in the end of a car there is not a grabiron or handhold, properly speaking, but some other appliance, such as a ladder or brake lever, which afforded equal security with a grabiron or a handhold at that point, the federal safety appliance law (Act March 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), so far as grabiron or handhold at that point is concerned, has not been violated. Having something there which performs all the functions of a grabiron or handhold is just the same thing as having what is properly called a grabiron or handhold at that point.

   [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*]

3. RAILROADS (§ 254*)—SAFETY APPLIANCE ACT—VIOLATION—EVIDENCE.

   Unless the government satisfies a jury by a preponderance of the evidence that there was no grabiron or handhold on the car where there should have been one, the jury should find for the railroad company.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 772; Dec. Dig. § 254.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. RAILROADS (§ 229*)—OPERATION OF RAILROADS—SAFETY APPLIANCE ACT— "ENGAGED IN COUPLING AND UNCOUPLING CARS."

A man in connecting or disconnecting the air hose between the cars is engaged in coupling or uncoupling cars within the meaning of the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), if it is necessary for him to connect or disconnect that hose in order to connect or disconnect the cars.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*]

5. RAILROADS (§ 254*)—SAFETY APPLIANCE ACTS—VIOLATION.

Where a car is not properly provided with grabirons on a given day, and the train stops for a certain time and then goes on again, there are not two violations of the law, but only one, because the car is all the time being moved in the same train. It makes no difference that it is being so moved on two different days.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 769; Dec. Dig. § 254.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

6. RAILROADS (§ 229*)—TRAINS—SAFETY APPLIANCE.

A "train, within the safety appliance act," is one aggregation of cars drawn by the same engine, but if the engine is changed then there is a different train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 743; Dec. Dig. § 229.*

For other definitions, see Words and Phrases, vol. 8, pp. 7056, 7057.]

(Syllabus by the Court.)

William H. Garland, Asst. U. S. Atty., and Philip J. Doherty, Special Asst. U. S. Atty.

Charles S. Pierce, for defendant.

DODGE, District Judge (charging jury). The statute which we are considering in this case is a statute passed by Congress under the power which is intrusted to Congress by the Constitution to regulate commerce between the several states. Congress makes this law in regulation of interstate commerce; it has the power to make such regulations. If we were dealing here with a railroad or a train which was not engaged in interstate commerce at all, this statute would not apply. It does not seem to be disputed in this case that the defendant railroad, and the car with which you are concerned, were both engaged in interstate commerce, and therefore were subject to the provisions of the statute. The defendant railroad is charged in the declaration which the government has filed against it with five different violations of the statute. It is for the jury to say as to each of those violations charged whether the defendant has committed it or not.

As to three of the violations charged, while the jury is still to say whether this defendant has committed them or not, they are saved the trouble of deciding any disputed questions of fact, as this case goes to them. As to the violation of the statute charged in the second count of the declaration, the defendant admits that it has been committed, and that the jury may find for the plaintiff upon that count. The same as to the third count of the declaration—the jury are to find for the plaintiff also on that count by consent of the defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As to the fourth count of the declaration, the court has ruled that the evidence is not sufficient to warrant a verdict for the plaintiff, and the jury, therefore, will find for the defendant as to that count by direction of the court. You are aware, gentlemen, that in all cases tried before you questions of law are for the court and questions of fact are for the jury. The question presented here on the fourth count of the declaration is an example of a question of law. The court takes upon itself the responsibility of directing the jury to find for the defendant on that count. In this instance, and in all other instances where either party thinks that the court has decided the question wrongly, they have a remedy by appeal. They may go to the Circuit Court of Appeals within this circuit and have that court determine whether this court has rightly decided the question or not. But it is for you to follow the direction of this court for the time being, in order that the question may be properly presented on appeal. Therefore although your verdict as to the fourth count is by direction of the court a finding for the defendant, it is a verdict of which the court takes the entire responsibility.

Now, gentlemen, I come to the two counts which are submitted to you for your consideration. They both relate to the same car—a car No. 24,089, a car marked "New York, New Haven & Hartford Railroad," a box car—and the government charges as to that car, that while being hauled in a train from Springfield to the Brightwood yard, that on September 19, 1907, it was not provided with a grabiron or handhold such as the law requires. And in the fifth count, as to the same car, the government charges that on September 20, 1907, while being moved from the Brightwood yard northerly, it was not provided with a grabiron or handhold such as the law requires. It is not disputed, as I have stated, that this car was being used in interstate commerce at these times. Now, the question for you to decide is: Did that car, or did it not, have on it grabirons or handholds such as the statute requires that it should have while it was being moved by the railroad in interstate commerce?

I will read to you once more the language of the section of the statute with which we are concerned:

"From and after the first day of July, eighteen hundred and ninety-five, until otherwise ordered by the Interstate Commerce Commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grabirons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars." Act March 2, 1893, c. 196, § 4, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174).

There is no question made either on September 19th or September 20th about the sides of this car. We are concerned only with the ends. Now, taking that section as it stands, and giving due weight to the language in which the requirements are expressed, we have to consider just what they mean as applied to the question arising in this case, and I shall instruct you, gentlemen, that section 4 requires secure grabirons or handholds at those points in the end of each car where they are reasonably necessary in order to afford to men coupling or uncoupling cars greater security than would be afforded them in the absence of any grabiron or handhold at that point or of any appliance

affording equal security with a grabiron or handhold. If at any place in the end of this car there was not a grabiron or handhold, properly speaking, but some other appliance, such as a ladder or brake lever, or whatever else you please, which afforded equal security with a grabiron or a handhold at that point, then I shall instruct you that the law has not been violated so far as a grabiron or handhold at that point is concerned. Having something there which performs all the functions of a grabiron or a handhold is just the same thing as having what is properly called a grabiron or a handhold at that point. It may not be possible to say that a coupling lever or a ladder is a grabiron or a handhold, but if it affords the same security to a man who may need to use one that a grabiron or a handhold, properly speaking, would afford, then, in my judgment, the statute has not been violated.

The question of fact, therefore, for you is: Are you satisfied by a preponderance of the evidence that there was anywhere in the end of this car a grabiron or a handhold wanting where it should have been according to the test which I have given you; that is, where a grabiron or a handhold would be reasonably necessary in order to afford to men coupling or uncoupling cars greater security than would be afforded them in the absence of any grabiron or handhold at that point?

Now, that question you are to determine by a preponderance of the evidence here. You have listened to the evidence of the two inspectors of the Interstate Commerce Commission, who tell you that they examined this car on the two days referred to, and they described to you pretty fully what they found on the end of the car in question, and they tell you that at a certain place there was no grabiron or handhold. Now, on the other hand, you have the evidence introduced by the defendant railroad, which may induce you to think that the presence of a grabiron or a handhold where the inspectors have said that one was absent would make no difference, so far as affording greater security to men is concerned. You are to be satisfied by the government in this case by a preponderance of the evidence that there was no grabiron or handhold where there should have been one. If you are so satisfied, you should find for the plaintiff for the government in this case. Unless the government has so satisfied you by a preponderance of the evidence, you should find for the defendant.

Now, you are to remember in this case that you are to decide it according to a preponderance of the evidence. In all the other cases to which you have listened here, and which, as I recall it, have been criminal cases, I have instructed you that the government, in order to convict, must prove its case beyond a reasonable doubt. This not being a criminal case, according to my view, the same rule does not prevail. A preponderance of the evidence in this case is sufficient; and what does that mean? It means that after balancing and considering the evidence on the one side and on the other you are not left in doubt, but that you find that the evidence for the government outweighs the evidence brought here to meet it. If your minds, after weighing and considering the evidence on both sides, are left in doubt,

if they are left equally balanced on the question, there is no preponderance of the evidence; and in that event, as I have told you, your verdict should be for the defendant. It is necessary, in order to find a verdict for the plaintiff, that the evidence for the government should outweigh that for the defendant.

I have stated to you that grabirons or handholds are required by the statute to be at such points in the end of this car where they are reasonably necessary in order to afford greater security to men in coupling or uncoupling cars. Something has been said here about men connecting or disconnecting the air hose with which the air brakes are operated, and the question has been raised, is a man between the cars simply to connect or disconnect air hose a man engaged in coupling and uncoupling cars within the meaning of the statute? Now, on that point I instruct you that a man engaged in connecting or disconnecting the air hose between the cars is engaged in coupling or uncoupling cars within the. meaning of the statute, if it is necessary for him to connect or disconnect that hose in order to connect or disconnect the cars.

The government claims here that it has proved to you by a preponderance of the evidence not only one violation of the statute, but two. Now, on that point, gentlemen, you will consider whether or not this car, in the first place, was unprovided with grabirons or handholds, as it should have been, and, in the second place, whether it was moved by this railroad in more than one train. Let us suppose that you have found that that car was on a given day not properly provided with grabirons and handholds as the statute requires. Let us suppose that that car was at the time being moved in a train. Let us suppose that that train stopped for some purpose, no matter what, for a while, and, after having so stopped for a certain time, started up and went on again. Now, in a supposed case like that, my instruction to you would be that there were not two violations of the law, but only one, because the car was all the time being moved in the same train. I should instruct you, gentlemen, that, so long as the car is being all the time moved in the same train, it makes no difference that it is being so moved on two different days; that so long as the car continues being moved by the railroad on the same train it makes no difference that September 19th has run out and September 20th has come in; that that does not make two distinct violations of the statute, but the movement of the car being, though on those two different days, all the time in one train, there has only been one violation of the statute. You will consider upon the evidence to which you have listened whether this car has been moved in more than one train. If you so find, it will be proper, provided you have been satisfied by a preponderance of the evidence that it was being so moved without the grabirons and handholds which the law requires, to find for the plaintiff both on the first count and on the fifth count. If, on the other hand, you are not satisfied by a preponderance of the evidence that the car was moved in two trains, but was only so moved in one, that both on September 19th and on September 20th the car was continued all the time in one train, you should then find for the

plaintiff only on one of those counts, either the first or the fifth, but you should not find for the plaintiff on both of them.

Is there anything else which counsel desire me to speak to the jury about?

(Counsel confer with the court at the bench.)

The Court: In regard to what makes a train, Mr. Foreman and gentlemen, by "train" I understand one aggregation of cars drawn by the same engine, and, if the engine is changed, I understand there is a different train.

Verdict for government, four counts.