No. 20487.

MARGARET M. SCHLABACH *v.* STANLEY E. SCHLABACH.
(394 P.2d 844)

Decided August 24, 1964.

378

Mr. FOREST E. CLARK, JR., for plaintiff in error.

Mr. LELAND M. COULTER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as Margaret and to defendant in error as Stanley.

January 16, 1959, Margaret filed her complaint in the district court of Adams county in which she sought a decree of divorce from Stanley. She asked for custody of four minor children of the parties, who ranged in age from one and one-half to nine years. Stanley filed an answer and counterclaim. Ultimately a stipulation was signed by the parties concerning attorneys fees, property rights, insurance, and support for the children. June 15, 1959, a decree of divorce was granted upon Margaret's complaint; custody of the children was awarded to her; and orders for their support were made.

Shortly thereafter Margaret made application for an increase in support money; then followed a motion by Stanley for change of custody of all the children; and Margaret caused a citation for contempt to be served on

Stanley on account of his failure to pay support money as ordered. December 5, 1960, pursuant to notice to the parties, the trial court heard all motions then pending and entered an order awarding custody of all four children to Stanley. Margaret did not appear at this hearing or at a previous hearing which had been regularly set for November 21st.

March 20, 1961, upon motion filed by Margaret, the trial court granted a rehearing on matters disposed of in the order of December 5, 1960. The final order of the trial court on the matters then in controversy was entered September 8, 1961. This order granted custody of the two older children to Stanley, placed custody of the two youngest children with Margaret until they became of school age, and directed that at that time they, too, should be placed in the custody of Stanley.

September 13, 1962, Stanley filed another petition for change in custody as to the two youngest children, alleging therein that Margaret was not a fit person to have custody. Upon hearing of this petition the court entered an order awarding custody of all four children to Stanley. In making final disposition of the matters then pending, and at the time of the entry of the judgment to which this writ of error is directed, the trial court commented as follows:

"THE COURT: This matter has been up before the Court a dozen times. I have done everything that I could think of to keep this family half-way together.
* * *

"The Court finds that Margaret Schlabach is an unfit person to have the custody of any children and specifically these two children. And I should have taken them away from her a long time ago, but I felt that the children were entitled to a mother's care. They are not receiving a mother's care. * * *

"I can not believe a thing that this plaintiff says. Margaret Schlabach, I can't believe what she says. Her

demeanor on the witness stand is such that I will not be a party to the proceedings any more.

\* \* \*

"It is the Order of the Court that the custody of these children be given to Mr. Schlabach whom the Court finds to be a decent and honorable married man and living with his wife and his family; and, that they be turned over immediately, and that all orders as to support money be and the same is hereby cancelled and held for naught."

██ No good purpose would be served in reciting the evidence which led the court to make these findings. Suffice it to say that it was ample and sufficient to support the judgment of the court. It is clear that at all times in this controversy the trial court was primarily concerned with the welfare and best interests of the children. In *Anderson v. Anderson,* 124 Colo. 74, 234 P.2d 903, this court said, inter alia:

"We have repeatedly held in divorce actions, where custodial orders respecting children are involved, that the court retains jurisdiction to change or modify the same whenever it is made to appear that the best interests of the child require modification of such orders. The trial court is in a better position to make a personal appraisal of the qualifications of the parents for the best interests of a minor than we are, and it is only in cases of a clear abuse of discretion that this court is warranted in interfering with the orders of the trial court in custodial matters. It should be kept in mind that in cases of this nature the principal issue before the courts is the welfare of the child, and to that welfare the rights and personal desires of the parents are subservient. \* \* \*"

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.