Mr. Justice Day
delivered the opinion of the Court.
This writ of error is directed to an order of the trial court denying the petition of Mrs. Munson for change of custody of the minor children of the parties. We will refer to plaintiff in error as the mother and to defendant in error as the father.
When the parties were divorced in 1960, custody, was awarded to the mother. On May 12, 1961, by order of the court, custody was transferred to the father under a stipulation between the parties which recited the purposes of the voluntary change in custody to be dictated primarily for the welfare of the children and preservation of the family home for the children. It was agreed upon between the mother and the father that the change was necessary because the father’s financial condition had deteriorated so that creditors were threatening immediate action; that such action would lead to garnishments and loss of employment, which would be detrimental to the children; and that the husband could better negotiate with his creditors if support payments for the children could be eliminated and if he did not have to maintain a separate household.
The mother in the same stipulation renounced “her claim to alimony and any other support while the children are with defendant pursuant to this agreement.” It was also provided that the “Parties will after one year re-evaluate the situation, and the home shall then finally be transferred to the party who then takes primary custody of the children.”
At the end of the year the situation apparently 'was not re-evaluated by the parties themselves, and there is no allegation that the financial condition that brought about the change in custody agreed upon by the mother had changed. Instead the mother filed with the court a “Motion for Change of Custody, Support Money, Prop *429 erty Settlement, and Attorneys Fees.” The material allegations of the petition are:
“(8) The children are frequently left without care when sick.
“ (9) The children are often left without guidance and supervision.
“(10) The children are not properly taken care of on their persons, and often are unkempt, unwashed, and improperly clothed.
“(11) The home in which defendant keeps the children, at 2200 Dexter Street, Denver, Colorado, is grossly untidy, and in its present condition is not a proper place for bringing up these children.
“(12) Defendant has permitted cases of truancy.
Í ^ ^
“(14) Defendant cannot, and does not properly raise said children, and the children’s welfare demands resumption of custody of plaintiff.”
Hearing on the motion consumed the better part of two days, and all of the evidence, consisting of testimony of the parties and other witnesses such as neighbors, friends and babysitters, centered entirely upon the allegations concerning neglect of the children. The financial condition of the husband was not gone into. The evidence also disclosed that the mother had remarried.
The court entered its findings and order as follows:
“The Court having had this matter under advisement and having weighed the evidence carefully and reviewed the cases, has concluded that for the present, at least, the custody of the children should remain in the defendant;
“The Court feels from all the evidence that the defendant is a fit and proper person to have custody at this time.
“The Court feels that the plaintiff is not an unfit person, but that her marital status and the stability thereof will be somewhat in question for awhile. This is the third marital venture for her present husband *430 and it is her second marriage, and the Court is of the opinion there should be a lapse of further time to see whether the union will continue stable and undisturbed.
“However, the Court thinks that the mother should have more of companionship and association with her children than heretofore, and orders visitation as follows:
“That she have them with her every Saturday from ten a.m. to six p.m., commencing Saturday, October 6, 1962;
“That she shall have them in her care and custody the first four days of the Christmas vacation, and this, of course, would take the place of the Saturday visitation that week;
“That she shall have them the first three days of the Easter vacation and that would take the place of the Saturday visitation of that week;
“That she shall have the custody in the month of July, 1963;
“That this case will be continued until August 13, 1963, for further hearing and review.
“Motion for new trial or rehearing is dispensed with, and if filed will be overruled.
“Done in Open Court, this 1st day of October, A. D. 1962.”
As grounds for the reversal of this order, the mother contends that the award was a clear abuse of discretion; that the evidence does not support the findings of the court as to the fitness of the father to have custody, and that the court’s finding that the mother is not unfit entitles her, under the law, to the custody of the children.
There is no merit in the arguments of the mother to warrant the reversal of the trial court. The evidence was in sharp conflict, and it is more than ample to support the conclusion of the court that the father is fit and that the children are not being neglected. The children were leading a normal and stable life with the father, were doing well in school, and the mother did *431 not establish any condition existing such as to warrant the change in custody.
The fitness of the mother was not in issue. She was admittedly a fit person when she voluntarily relinquished the custody of the children for their welfare. That their welfare would be better served by changing the custody back to her was not established, and the findings of the court to the contrary are supported by the evidence. In Anderson v. Anderson, 124 Colo. 74, 234 P.2d 903, quoted with approval in Schlabach v. Schlabach, 155 Colo. 377, 394 P.2d 844, an opinion by this court announced as recently as August 24, 1964, this court said:
“We have repeatedly held in divorce actions, where custodial orders respecting children are involved, that the court retains jurisdiction to change or modify the same whenever it is made to appear that the best interests of the child require modification of such orders. The trial court is in a better position to make a personal appraisal of the qualifications of the parents for the best interests of a minor than we are, and it is only in cases of a clear abuse of discretion that this court is warranted in interfering with the orders of the trial court in custodial matters. It should be kept in mind that in cases of this nature the principal issue before the courts is the welfare of the child, and to that welfare the rights and personal desires of the parents are subservient. * * *”
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Sutton not participating.