No. 21245.

RAY J. NELSON *v.* MARI MARTHA NELSON CARD.
(425 P.2d 276)

Decided March 27, 1967.

EDISON and BERMAN, for plaintiff in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THE writ of error issued in this case is directed to an order of the trial court entered in a divorce action under which the former wife of Ray J. Nelson was permitted to remove their daughter (the only child born of the marriage) from the State of Colorado to the State of California. Subsequent to the entry of the divorce decree the mother, hereinafter referred to as Martha, had married one David Charles Card Jr. who was employed by the Colorado School of Mines Research Foundation. In December 1963 Card was offered employment with the Jet Propulsion Laboratories of Pasadena, California, at a substantial increase in salary. This position offered a more promising future for him and those dependent upon him. Two children had been born to him and Martha since their marriage.

In authorizing the removal of the child from Colorado to California the trial court ordered that:

"1. Prior to removing said minor child, plaintiff shall post a bond in the amount of $5,000 to assure return of said child to the State of Colorado.

"2. The defendant was granted summer visitation rights for a period of one month each year.

"3. The defendant was granted a visitation period of two weeks at Easter of each year.

"4. In the event the defendant went to California, he would be granted reasonable visitation rights.

"5. The plaintiff was ordered to keep the court and the defendant notified at all times of the child's residence address."

All of these conditions have been complied with, and during the pendency of the action in this court the child

has been residing in California with Martha and the other members of the Card family.

In essence, it is argued that the trial court abused its discretion in authorizing Martha to take the child to the State of California; and that upon the record before us we should vacate the order permitting the move and direct that the child be returned to Colorado. Opinions of this court relied upon by counsel for the father as supporting his position are clearly distinguishable on the facts.

 The record has been carefully examined and under the circumstances disclosed we cannot say that any abuse of discretion on the part of the trial court is shown. The trial court specifically found that the best interests of the child would be served in permitting her removal to California. There is evidence to support this finding. We have repeatedly held that the welfare of the child governs, and to that welfare the rights and personal desires of the parents are subservient. *Schlabach v. Schlabach,* 155 Colo. 377, 394 P.2d 844.

 A change in the father's visitation privileges is an unfortunate but not unusual result of a broken marriage. Injured feelings of the divorced parents must give way to what the court feels is for the best interests of the child. The record discloses a conscientious effort on the part of the trial court to recognize the legitimate rights of the father and also to give proper emphasis to the best interests of this little girl.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.