529 P.2d 344 (1974)
In re the MARRIAGE OF Edmund Tuck YOUNG, Petitioner-Appellant, and
Susan Irene Young, Respondent-Appellee.
No. 74-062.
Colorado Court of Appeals, Div. III.
October 8, 1974.
Rehearing Denied October 30, 1974.
Certiorari Denied January 6, 1975.
Kettelkamp & Vento, P. C., Donald G. Drummond, Pueblo, for petitioner-appellant.
Rector, Melat & Wheeler, Leo W. Rector, Colorado Springs, for respondent-appellee.
Not Selected for Official Publication.
VAN CISE, Judge.
In a dissolution of marriage case, the husband and father Edmund Young appeals from an order permitting the wife and mother Susan Young to remove their two children from Colorado to Minnesota. He also appeals the visitation provisions of the same order. We affirm.
The parties stipulated that the mother was to have custody of the two children, then 2 and 5 years old. At the permanent order hearing on December 13, 1973, the evidence presented consisted of the testimony of the two parents. It established that, at the time of the hearing, the 29-year-old mother and the children were living in the family home in Pueblo where the 30-year-old father practiced law. Both children had been born in Pueblo. The mother had done and could do substitute teaching there if it were necessary to supplement what she would be receiving from her ex-husband, but he had sufficient income *345 to provide for her and the children in Pueblo if he did not have the expense of travel to Minnesota.
The parties had been raised in small towns in Minnesota only a few miles apart, and both sets of grandparents were still living there and had offered to help with the children. The mother proposed that she and the children would live in her parents' home and that she would obtain a teaching job in that town and be able to support herself and still have considerable time to be with the children. However, she had neither applied for nor received any assurance that employment was available there.
The mother testified that the father sought the divorce because the wife and children were a burden and he wanted his freedom. Also, the mother expressed great concern over the children's apprehension at the father's leaving the home, his frequent visitation with the children thereafter in the presence of another woman, and the resultant discipline and adjustment problems that developed.
The father showed that travel expense and loss of income would be such that visitation with the children would be minimal if they were living in Minnesota. He wanted the children to remain in Pueblo to be accessible for visitation by him.
On the above evidence, the court concluded that it was in the best interests of the children that the mother be permitted to remove them to live with her in Minnesota. It then provided for rights of reasonable visitation in Minnesota and for authorization for the father to have the children with him in Colorado for two weeks in the summer.
At the same hearing, the court approved and entered a "consent order," based on the premise that the children would be with the mother in Minnesota. This order provided for support for the children, an award of the family home and the furniture and furnishings therein to the husband, payment of the wife's attorney fees and the family debts by him, and a waiver of maintenance by the wife. On January 2, 1974, the court entered a decree of dissolution of marriage. The provisions of the December 13 orders were made a part of that decree.
The father contends that the trial court abused its discretion in authorizing the mother to take the children to Minnesota, and that we should vacate the order permitting the move and direct that the children be returned to Colorado. We do not agree.
There is no showing in the record of any abuse of discretion by the district court. It found that the best interests of the children would be served by permitting their removal to Minnesota. There is evidence to support this finding. As stated in Schlabach v. Schlabach, 155 Colo. 377, 394 P.2d 844:
"The trial court is in a better position to make a personal appraisal of the qualifications of the parents for the best interests of a minor than we are, and it is only in cases of a clear abuse of discretion that this court is warranted in interfering with the orders of the trial court in custodial matters. It should be kept in mind that in cases of this nature the principal issue before the courts is the welfare of the child, and to that welfare the rights and personal desires of the parents are subservient."
See Smith v. Smith, 172 Colo. 516, 474 P. 2d 619; Harrison v. Harrison, 170 Colo. 397, 462 P.2d 119.
The father argues that Tanttila v. Tanttila, 152 Colo. 445, 382 P.2d 798, on its facts controls here, and that based on it we must reverse the trial court. In view of Nelson v. Card, 162 Colo. 274, 425 P.2d 276, an opinion written four years after Tanttila by the same Justice who wrote Tanttila, there is doubt as to whether it is still law. Also, in that case, the court concluded that the mother sought removal for her own personal convenience only. That was not the primary motive here. There are other facts in the case at bar that distinguish it. These include the unique situation *346 of both sets of grandparents residing in Minnesota and supporting the mother's position, the unwholesome situation that exists in Pueblo with both parents bickering, and the effect on the children in their adjustment to the break-up of the family unit.
Judgment affirmed.
RULAND and KELLY, JJ., concur.