**In re the Marriage of Dennis L. CASIDA, Appellant,**

v.

**Louise M. CASIDA, Appellee.**

**No. 82CA0301.**

Colorado Court of Appeals,
Div. I.

Dec. 30, 1982.

Malman & Malman, P.C., Jerome S. Malman, David P. Solomon, Denver, for appellant.

Robert D. Kelly, Lakewood, for appellee.

KIRSHBAUM, Judge.

Husband, Dennis L. Casida, appeals the trial court's order denying his request to prohibit wife, Louise M. Casida, from removing the parties' minor child from Colorado for permanent residence in New Jersey. We affirm.

The record discloses the following facts. In July 1979, the marriage was dissolved. In connection with the dissolution proceedings, the parties executed a separation agreement placing custody of the minor child with the wife. The agreement contained no provisions respecting removal of the child from Colorado.

On July 6, 1981, husband filed a verified motion petitioning the court to prohibit wife from leaving Colorado with the child "until further Order of the Court." After a hearing on July 7, 1981, the trial court entered an order permitting wife temporarily to take the child to New Jersey, wife's proposed new domicile, pending further hearing and conditioned on the filing of bond by wife. The issue expressly reserved by the parties for further hearing was whether a permanent move from Colorado to New Jersey would be in the best interest of the child.

The continued hearing commenced on January 26, 1982. At the conclusion thereof, the trial court found that "there is no showing in the record that [the contemplated move] would be detrimental as it applies to the minor child." It further found that "it is in the best interest of the child at this juncture in the proceedings that the child remain with the custodial parent and that parent be allowed to retain the child in the State of New Jersey." The court also stated that husband's petition was "in effect" a request for "a physical custody change ... [i]n other words, returning the child to the State of Colorado," and found that none of the provisions of § 14–10–131, C.R.S.1973, respecting change of custody had been established by the evidence.

Husband contends that the trial court erred in not, *sua sponte,* conducting a hearing pursuant to § 14–10–129, C.R.S.1973, and in not requiring wife to establish that a change in husband's visitation rights would be in the best interests of the child. We disagree.

Absent some restrictive conditions in the applicable dissolution decree or separation agreement, a custodial parent is permitted great latitude in carrying out the custodial responsibilities of providing a primary home for the minor children of the parties. *Bernick v. Bernick,* 31 Colo.App. 485, 505 P.2d 14 (1972). That custodial discretion may include the removal of the child from the jurisdiction of the court which entered the permanent orders. *Nelson v. Card,* 162 Colo. 274, 425 P.2d 276 (1967). Inevitably, such relocations require sensitive adjustment of visitation rights and responsibilities, and when parents disagree respecting a proposed change of the custodial parent's residence, questions of custody may be raised. *See Nelson v. Card, supra; In re Marriage of McGee,* 44 Colo.App. 330, 613 P.2d 348 (1980). Applicable procedural and substantive legal principles, including the appropriate allocation of burden of proof, necessarily will vary with the circumstances of particular cases.

The petition filed with the court requested the trial court to prohibit wife from carrying out a proposed permanent change of residence that necessitated removal of the parties' child from Colorado. It alleged that, in husband's opinion, a permanent

move would "not be in the best interests" of the child, and that issuance of the writ was necessary to ensure the presence of wife in Colorado "*until* a full hearing can be heard on whether or not a move to the State of New Jersey is in her best interests as a child." (emphasis added) Wife appeared at all hearings and no order was ever issued by the trial court.

At the conclusion of the "full hearing" requested by husband's petition, the trial court concluded, based on all the evidence before it, that the proposed change in custodial residence was not detrimental to the best interests of the child. The record fully supports that conclusion; hence, it will not be disturbed on appeal. *In re Marriage of Baier,* 39 Colo.App. 34, 561 P.2d 20 (1977). Husband, having asserted that the proposed move was detrimental to the best interests of the child, assumed the burden of proving that allegation, as the trial court properly concluded. *See Nelson v. Card, supra.*

Husband's argument that in this case wife's decision to remove the child from Colorado must be deemed "in effect," a motion by her to alter husband's visitation rights, pursuant to § 14–10–129, C.R.S. 1973, while ingenious, is unpersuasive. Wife did not initiate the judicial proceedings here. As custodial parent, absent restrictions contained in the dissolution decree or separation agreement, she had broad discretion to leave the state of Colorado with the child so long as such move was in the best interests of the child. *Nelson v. Card, supra.* The parties being unable to agree respecting visitation rights, the trial court here was required to consider the contention asserted by husband that the move was not in the child's best interests. Having rejected that contention, the trial court properly adjusted the previously awarded visitation rights. *Nelson v. Card, supra.* In this case, the trial court conscientiously balanced the rights of the parents while appropriately subordinating the personal desires of the parents to the welfare of the child. *Schlabach v. Schlabach,* 155 Colo. 377, 394 P.2d 844 (1964). It is noted that no appeal has been taken from the revised visitation rights ordered by the trial court.

Husband's argument, if accepted, would require every custodial parent faced with the prospect of establishing a new residence outside the jurisdiction of the trial court initially awarding permanent orders to obtain a judicial order modifying extant visitation rights prior to such move. Such requirement would result in increased utilization of judicial forums in an area where experience supports the conclusion that judicial interference should be kept at a minimum. Placing the burden of seeking judicial relief upon the party who protests a relocation should encourage private resolution of the emotional and ideological issues both parents invariably confront in these cases.

We have considered husband's alternative argument that the record contains insufficient evidence to support the trial court's conclusion that it is in the best interest of the child to remain with the custodial parent in New Jersey. While the evidence is contraverted, we find it sufficient to sustain the trial court's findings and conclusions.

The judgment is affirmed.

COYTE and STERNBERG, JJ., concur.