John S. TOVREA, Plaintiff-Appellant,

v.

The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, and Burlington Northern, Inc., a Delaware corporation, Defendants-Appellees.

No. 82CA0104.

Colorado Court of Appeals, Div. IV.

May 17, 1984.

Rehearing Denied June 28, 1984.

Certiorari Denied Dec. 17, 1984.

Culkin & Vogel, Francis K. Culkin, Ruth K. Vogel, Denver, for plaintiff-appellant.

Charles W. Johnson, Kathleen M. Snead, Denver, for defendant-appellee Denver and Rio Grande Western R. Co.

DeMoulin, Anderson, Campbell & Laugesen, P.C., William P. DeMoulin, Denver, for defendant-appellee Burlington Northern, Inc.

HODGES,* Justice.

Plaintiff appeals a judgment dismissing his claim against defendant Burlington Northern, Inc. (Burlington) and a judgment entered after a jury verdict in favor of defendant Denver & Rio Grande Western

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), ` and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Railroad Co. (D. & R.G.). We reverse as to D. & R.G. and affirm as to Burlington.

Plaintiff's complaint alleged that on the night of May 22, 1975, while employed by D. & R.G., he was injured as he attempted to uncouple a locomotive from a string of railroad cars. Plaintiff asserted claims under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., and the Federal Safety Appliance Act, 45 U.S.C. § 1 et seq., against D. & R.G., and Burlington. After jury selection, but before the presentation of evidence, the trial court granted Burlington's motion to dismiss on the ground that the complaint failed to state a claim against Burlington. At the conclusion of trial, the jury found on special interrogatories that D. & R.G. had not violated the Federal Safety Appliance Act, and consequently was not liable under the Federal Employers' Liability Act. Judgment was accordingly entered for defendant D. & R.G.

Plaintiff was a member of a D. & R.G. crew engaged in transferring boxcars from D. & R.G. to Burlington. Plaintiff testified that he was attempting to uncouple the D. & R.G. locomotive from the cars when a Burlington locomotive at the opposite end of the line of cars caused the cars to jerk forward, and as a result the D. & R.G. locomotive hit and injured the plaintiff. Plaintiff stated that he was injured because it was necessary for him to go between the cars in order to turn the stuck handle of an air valve which was part of the train's braking system. He testified that it was necessary to close the air valves on both the car and the locomotive and remove the air hose connecting them as part of the process of uncoupling the locomotive from the cars.

## I.

On appeal, plaintiff first contends that the trial court erred in its instruction on the Federal Safety Appliance Act. We agree.

In relevant part, the Federal Safety Appliance Act prohibits common carriers from hauling any railroad cars not "equipped with couplers automatically coupling by impact and which can be uncoupled without the necessity of a man going between the ends of the cars." 45 U.S.C. § 2. Proof of a violation of 45 U.S.C. § 2 is sufficient to establish liability under the Federal Employers' Liability Act for injuries suffered by an employee without proof of any negligence on the part of the employer. *Coleman v. Burlington Northern, Inc.*, 681 F.2d 542 (8th Cir.1982).

The instruction given to the jury essentially recited the language of the statute. Nevertheless, plaintiff contends that the instruction should have also stated that a defect in the brake mechanism which requires that an employee go between railroad cars in order to uncouple them constitutes a violation of § 2 of the Federal Safety Appliance Act.

D. & R.G. contends that plaintiff is precluded from raising this issue because plaintiff failed to plead a defect in the brake system in his complaint or in his trial data certificate, and failed to assert the existence of such a defect in his opening statement. We note, however, that both plaintiff's trial data certificate and his opening statement contain assertions that plaintiff went between the locomotive and the boxcar in order to raise the pin lifter (the device directly coupling the train cars) and to turn the air valves. Moreover, D. & R.G. did not object to testimony that there was a defect in the air valves which necessitated that plaintiff step between the cars in order to disconnect the air hose. Thus, to the extent that the issue of the defective condition of the brake system was not raised in the pleadings, admission of evidence bearing on this issue without objection constituted trial of the issue by implied consent. *Prato v. Minnesota Mutual Life Insurance Co.*, 40 Colo.App. 1, 572 P.2d 487 (1977); C.R.C.P. 15(b). Accordingly, we address the merits of plaintiff's contention.

The determinative issue on plaintiff's entitlement to an instruction concerning a defective brake is whether railroad cars are being "uncoupled" within the meaning of the statute when an air hose

between the cars must be disconnected as a necessary step in uncoupling the cars.

 While there is authority to the contrary, *see George v. Atchison Topeka & Santa Fe Railroad Co.*, 102 Kan. 774, 178 P. 403 (1918), we believe that the better view is that if it is necessary to connect or disconnect an air hose in order to connect or disconnect railroad cars, then one engaged in connecting or disconnecting an air hose as part of the process of disconnecting the cars is engaged in coupling or uncoupling cars within the meaning of the statute. *See United States v. Boston & M.R. Co.*, 168 Fed. 148 (D.Mass.1909). This interpretation of the Act better effectuates the purpose of § 2 of the Federal Safety Appliance Act, to "eliminate risks attendant to manual coupling and uncoupling of railroad cars which required employees to go between the ends of railroad cars." *McGee v. Burlington Northern, Inc.*, 174 Mont. 466, 571 P.2d 784 (1977).

 A party is entitled to a jury instruction on his theory of the case if the evidence tends to prove an actionable claim under the Federal Safety Appliance Act. *McGee v. Burlington Northern, Inc., supra. See Federal Insurance Co. v. Public Service Co.*, 194 Colo. 107, 570 P.2d 239 (1977). Here, there was testimony that a defect in the brake system required plaintiff to go between the cars so as to effect an uncoupling. Plaintiff was therefore entitled to an instruction that if a defect in the brake system of the cars operated by D. & R.G. made it necessary for him to go between the locomotive and the cars in order to uncouple them, then the Federal Safety Appliance Act § 2 applied. The ambit of this provision of law is sufficiently broad to cover this situation.

## II.

Plaintiff contends next that the trial court erred in dismissing the complaint against Burlington. We do not agree with this contention.

 Plaintiff's claims against Burlington incorporated by reference plaintiff's claims against D. & R.G. under the Federal Employers' Liability Act. There is no dispute that Burlington was not plaintiff's employer at the time of the accident. To establish liability under the Federal Employers' Liability Act, there must be an employer-employee relationship. This is a specific requirement of the statute. *See* 45 U.S.C. § 51. Accordingly, dismissal of the complaint against Burlington was proper.

Plaintiff's remaining contention is without merit.

The judgment is reversed as to Denver and Rio Grande Western Railroad Company, and the cause is remanded for a new trial. The judgment is affirmed as to Burlington Northern, Inc.

ENOCH, C.J., and SILVERSTEIN [†], J., concur.

---

† Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).