711 P.2d 663

**Martha G. BLOSS, nka Martha G. Davis, Appellee,**

**v.**

**Daniel I. BLOSS, Appellant.**

**No. 2 CA–CIV 5451.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 20, 1985.

Gary W. Ramaeker, Sierra Vista, for appellee.

Ruben Teran S., Douglas, for appellant.

## OPINION

HATHAWAY, Presiding Judge.

Appellant filed a motion to enjoin his ex-wife from removing their daughter from the State of Arizona. He objects to the trial court's treatment of his motion as a

motion to modify custody and the denial of relief by the trial court without the benefit of an evidentiary hearing. We agree with appellant and reverse and remand with instructions.

Appellant and appellee were divorced on July 26, 1984, pursuant to a decree of dissolution of Marriage. The decree gives appellant physical custody of Danielle and appellee physical custody of Jennifer. Major decisions concerning the children are to be shared. Visitation by each party is specifically spelled out in the decree. Appellant's visitation rights are quite extensive, including alternate weekends during the school year, six weeks during the summer, weekday visits and certain holidays. Additionally, neither party is permitted care of either child for three consecutive weekends.

In March of 1985, appellant discovered that appellee had decided to move to North Carolina with her new husband and was planning to relocate Jennifer there as well. To prevent the move, appellant filed a motion seeking a temporary restraining order and an order to show cause why the temporary orders should not be made permanent. The trial court held that appellant in actuality was attempting to modify custody and required appellant to comply with the procedure for such a modification in A.R.S. § 25–339. The court subsequently denied appellant's motion solely on the basis of the one-year rule in A.R.S. § 25–332(B). Appellee and Jennifer have since relocated in North Carolina. Arizona still has jurisdiction, however, pursuant to the Uniform Child Custody Jurisdiction Act, A.R.S. § 8–403.

Appellant urges on appeal that the trial court erred because appellant was not seeking modification of custody and in fact appellee by her action modified visitation, and therefore a hearing should be held to determine if it was in Jennifer's best interest to modify visitation and remove her to North Carolina.

The issue presented by appellant, whether a custodial parent can be prohibited from taking a child from the jurisdiction when it substantially interferes with the other parent's joint custody or visitation to the detriment of the child, is one of first impression in Arizona. It has, however, been extensively litigated in other jurisdictions. 27B C.J.S. Divorce, § 313 (1959). The competing interests at issue are the constitutionally protected right to travel, i.e., freedom of movement in what is now a very mobile society, and the parental rights of the other parent.

Some courts have held, seemingly concerned with the right to travel, that there is no restriction on change of residence by a custodial parent absent a restriction in the final judgment of dissolution. See, e.g., *Pons v. Phillip*, 406 So.2d 932 (Ala.Civ. App.1981); *Casida v. Casida*, 659 P.2d 56 (Colo.Ct.App.1982); *McIntyre v. McIntyre*, 452 So.2d 14 (Fla.Dist.Ct.App.1984). Other courts, however, in what we believe are better reasoned opinions, have struck a balance between the right to travel and parental rights. These courts have held that a hearing is required to determine if a move, which infringes on visitation rights and parental contact, is in the best interest of the parties, especially the child. See, e.g., *Bielawski v. Bielawski*, 137 Mich.App. 587, 358 N.W.2d 383 (1984); *Watters v. Watters*, 112 Mich.App. 1, 314 N.W.2d 778 (1981); *Weiss v. Weiss*, 52 N.Y.2d 170, 436 N.Y.S.2d 862, 418 N.E.2d 377 (1981); *Munford v. Shaw*, 84 A.D.2d 810, 444 N.Y.S.2d 137 (1981); *Daghir v. Daghir*, 82 A.D.2d 191, 441 N.Y.S.2d 494 (1981), aff'd 56 N.Y.2d 938, 453 N.Y.S.2d 609, 439 N.E.2d 324 (1982). But see *Madgett v. Madgett*, 360 N.W.2d 411 (Minn.App.1985).

We find the New York and Michigan decisions dispositive because, as in Arizona, neither state has a statute which addresses this issue. We should note that there is some disagreement among the above courts as to whether the hearing should be concerned solely with the best interest of the child or should also consider the interest of the other parties. The interest of the child must be paramount; however, because parental rights are fundamental, the court must also consider each

parent's interest. Additionally, the court should consider the sibling relationship. See *Matter of Appeal in Maricopa County Juvenile Action No. JS–5209 and No. JS–4863*, 143 Ariz. 178, 692 P.2d 1027 (App. 1984); *Matter of Appeal in Pima County Juvenile Action No. S–111*, 25 Ariz.App. 380, 543 P.2d 809 (1975). See also *Cooper v. Cooper*, 99 N.J. 42, 491 A.2d 606 (1984). In *Bielawski*, supra, the Michigan court adopted a test from a New Jersey decision, *D'Onofrio v. D'Onofrio*, 144 N.J.Super. 200, 365 A.2d 27, aff'd, 144 N.J.Super. 352, 365 A.2d 716 (1976). New Jersey has a statute which limits the right to remove a child from the jurisdiction. N.J.S.A. 9:2–2. While this test is not all inclusive, we believe it is a good starting place for the trial court. It states that the court should:

> "[C]onsider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the children. It must evaluate the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the noncustodial parent and whether the custodial parent is likely to comply with the substitute visitation orders when she is no longer subject to the jurisdiction of the courts of this State. It must likewise take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations. Finally, the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the non-custodial parent if removal is allowed." 144 N.J.Super. at 206–207, 365 A.2d at 30.

See also, *Cooper v. Cooper*, supra, where the court adopted a test to balance visitation rights versus the advantages of the move.

In this case, the trial court erred in finding that appellant was seeking to modify custody. Rather, it was appellee by her move who effectively modified visitation. A.R.S. § 25–337(B) grants the court the power to modify custody, but it was appellee's burden to move for such a modification. Therefore, the motion for injunction by appellant was the appropriate procedure in these circumstances. We hold that the trial court should have held a hearing to determine if the move and the resulting modification of visitation were in the best interest of the parties, the sibling, and in particular, the child. We therefore reverse the trial court and remand for further proceedings consistent with this opinion.

LACAGNINA and LIVERMORE, JJ., concur.