**In re the MARRIAGE OF Jane E. MURPHY, Appellee,**

and

**John P. Murphy, Appellant.**

No. 88CA0988.

Colorado Court of Appeals,
Div. IV.

June 29, 1989.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Elizabeth Strobel, Greeley, for appellee.

Law Office of Stephen J. Harhai, Stephen J. Harhai and Laura E. Shapiro, Denver, for appellant.

REED, Judge.

Husband, John P. Murphy, appeals the trial court's order denying modification of custody and permitting wife, Jane F. Murphy, to move the residence of the parties' minor child from Colorado to Missouri for a

period of two years. He asserts error in the trial court's determination of the applicable burden of proof, and in the trial court's finding that the temporary change of residence was in the best interests of the minor child. We affirm in part and reverse in part.

The parties' marriage was dissolved in 1985. The mother was awarded custody of the child, and the father was awarded visitation with the child each week from Sunday through Wednesday.

In 1986, the father filed a motion to modify custody requesting that legal custody of the minor child be awarded to him pursuant to § 14–10–131, C.R.S. (1987 Repl. Vol. 6B). In 1987, the mother filed a motion for permission to leave the state with the parties' minor child. The trial court heard these motions together.

 At the commencement of the hearing, the husband altered his motion to modify custody seeking instead joint custody of the minor child. The wife's counsel made no objection. At this hearing, evidence was received on the issue of joint custody without objection by wife's counsel. Therefore, the issue of joint custody was tried by the implied consent of the parties. C.R.C.P. 15(b); *Tovrea v. Denver & Rio Grande Western R.R. Co.,* 693 P.2d 1016 (Colo.App.1984).

Notwithstanding this modification of husband's motion to one seeking joint custody and the reception of evidence on this issue, the trial court considered and denied the motion exclusively under the criteria to modify sole custody provided in § 14–10–131. We conclude that the trial court erred in not applying to the husband's motion the provisions of § 14–10–131.5(4), C.R.S. (1987 Repl.Vol. 6B) which concern joint custody.

This was prejudicial to the husband because, as pertinent here, § 14–10–131 requires an element of proof in addition to that imposed by § 14–10–131.5, *i.e.,* that the child's present environment endangers his physical health or significantly impairs his emotional development. Here, the trial court found that this element had not been proven by the husband. Therefore, the order of the trial court on this issue may not stand.

The husband also contends that there is insufficient evidence to sustain the trial court's order permitting the child to be removed with his mother to Missouri for two years. We disagree.

 If the removal of the child from the jurisdiction would be conducive to the child's best interests, then the court should permit such removal. *Tanttila v. Tanttila,* 152 Colo. 445, 382 P.2d 798 (1963). We agree with the husband that the burden of proof on this motion rested with the mother who was seeking to change the status quo. *Atlantic & Pacific Insurance Co. v. Barnes,* 666 P.2d 163 (Colo.App.1983); *see also In re Marriage of Casida,* 659 P.2d 56 (Colo.App.1982). In light of the court's ruling on the motion for modification of custody, there is evidentiary support in the record for the trial court's finding that this move would be in the child's best interest. While the evidence is controverted, we find it sufficient to sustain the trial court's findings and conclusions.

The order of the trial court on the motion to modify custody is reversed, and the cause is remanded to the trial court with directions to apply the appropriate statutory criteria to the facts in evidence. The order of the trial court pertaining to permission to leave the state with the parties' minor child is affirmed, subject to reconsideration in the event that any pertinent modification of the child's custody should be ordered.

PLANK and DUBOFSKY, JJ., concur.