NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JUSTIN P. WHITMAN, *Petitioner/Appellee*,

*v.*

KIMBERLY C. WHITMAN, *Respondent/Appellant*.

No. 1 CA-CV 18-0592 FC
FILED 8-1-2019

Appeal from the Superior Court in Maricopa County
No. FC 2014-050023
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

COUNSEL

Garnice Law PLLC, Scottsdale
By Victor A. Garnice
*Counsel for Respondent/Appellant*

Burggraff Tash Levy PLC, Scottsdale
By Michael J. Dinn, Jr., Erika Isard
*Counsel for Petitioner/Appellee*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Samuel A. Thumma joined.

**B R O W N**, Judge:

¶1        Kimberly C. Whitman ("Mother") appeals the superior court's order granting Justin P. Whitman's ("Father") petition to prevent relocation of K.W., the parties' minor child, and modifying the parties' physical custody arrangement and parenting time plan.  Mother argues the court erred by requiring Mother to prove relocation was in K.W.'s best interests under Arizona Revised Statutes ("A.R.S.") section 25-408(I). For the reasons that follow, we affirm.

## BACKGROUND

¶2        At the time of Mother's and Father's April 2017 decree of dissolution, Mother lived in Arizona and Father lived in Ohio.  After a contested custody hearing, the court determined it was in K.W.'s best interests to reside in Arizona.  Consequently, although the decree granted the parties joint legal decision-making authority, it designated Mother the primary residential parent and implemented a long-distance parenting plan for Father's parenting time.

¶3        On June 13, 2017, just 10 weeks after the dissolution order, Father received a letter from Mother informing him that she planned to move to Nevada with K.W.  Father petitioned the superior court to prevent the relocation, requesting the court make him K.W.'s primary residential parent and establish "a reasonable long-distance parenting plan (from Nevada, should Mother decide to move without [K.W.])."

¶4        Mother filed a motion to dismiss Father's petition in July and relocated K.W. to Nevada shortly thereafter.  Mother argued (1) the relocation statute, § 25-408, did not apply because it requires that "both parties reside in the State of Arizona" and Father "was not residing in Arizona at the time [she] told [him] of her intention to move to Nevada"; and (2) Father's petition was premature under Arizona Rule of Family Law Procedure ("Rule") 91 and A.R.S. § 25-411(A).  The superior court denied Mother's motion to dismiss and held an evidentiary hearing focusing on

whether relocating to Nevada was in K.W.'s best interests. After hearing testimony from Father, Mother, and Mother's new husband, the court took the matter under advisement. In its detailed ruling, the court began by stating it would "not again address whether Father's requests for relief are precluded by A.R.S. §§ 25-408, 25-411, and . . . Rule 91." The court then concluded Mother "failed to meet the requisite burden of proving that relocation . . . is in [K.W.'s] best interests," and explained its conclusion with an analysis of the best interests factors listed in §§ 25-403(A) and -408(I). Given its conclusion, the court ordered that K.W. would "reside primarily with Father" going forward and adopted a new long-distance parenting plan. Mother timely appealed.

## DISCUSSION

### A.     Application of § 25-408

**¶5**         Mother argues the superior court erred by requiring her to prove that the relocation was in K.W.'s best interests under § 25-408(I). Specifically, Mother asserts that no jurisdictional basis exists for applying the statute because it applies only when both parents reside in the state, and Father did not live in Arizona "either at the time of entry of the Decree or at the time of the filing of his Petition." We review de novo whether the court appropriately considered § 25-408(I)'s best interests factors. *Buencamino v. Noftsinger*, 223 Ariz. 162, 163, ¶ 7 (App. 2009).

**¶6**         Section 25-408 provides, in relevant part, "[i]f . . . both parents are entitled to joint legal decision-making or parenting time and both parents reside in the state, at least forty-five days' advance written notice shall be provided to the other parent before" relocating the child to either another state or more than 100 miles within the state. A.R.S. § 25-408(A).

**¶7**         In *Berrier v. Rountree*, 245 Ariz. 604 (App. 2018), we rejected an argument substantively similar to Mother's, explaining that

> [s]ection 25-408(A) describes the circumstances under which a party must give *notice* before effecting certain types of relocations. Nothing in the statute provides that subsection (A) limits the types of relocation issues that the court may decide. To the contrary, § 25-408(C), without restriction, authorizes "a parent who is seeking to relocate the child [to petition] the court for a hearing, on notice to the other parent, to determine the appropriateness of a relocation that may adversely affect the other parent's legal decision-making or parenting time rights." Mother's California residency

therefore did not eliminate the requirement that the court, which had exclusive continuing jurisdiction under § 25-1032(A), engage in the § 25-408(I) analysis.

245 Ariz. at 606, ¶ 9 n.2 (second alteration in original). Mother attempts to distinguish *Berrier*, arguing that it "conflate[s] the issues of jurisdiction over the issue of relocation with the issue of maintaining continuing jurisdiction to the exclusion of courts of other states," but we are not persuaded. Under Arizona's version of the Uniform Child Custody Jurisdiction and Enforcement Act, with exceptions not applicable here, an Arizona court that has made a child custody determination retains "exclusive, continuing jurisdiction" over further determinations unless either

> 1. A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships[; or]
>
> 2. A court of this state or . . . another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.

A.R.S. § 25-1032(A). The superior court did not make either of these findings, nor did Mother ask it to. Instead, as the court explained in its ruling, it retained exclusive, continuing jurisdiction over child custody matters pertaining to K.W.

¶8    Relying on *Vincent v. Nelson*, 238 Ariz. 150 (App. 2015), and *Thompson v. Thompson*, 217 Ariz. 524 (App. 2008), Mother contends § 25-408(A) creates additional jurisdictional requirements beyond those of § 25-1032(A), and Father did not meet those requirements because he resided in Ohio when he filed his petition. Neither of these cases are relevant to this decision because they addressed whether a parent's intrastate moves exceeded the 100-mile limit of § 25-408(A)(2). *Vincent*, 238 Ariz. at 154, ¶¶ 12–15; *Thompson*, 217 Ariz. at 527, ¶¶ 1–15. Here, Mother's move from Arizona to Nevada with K.W. triggered § 25-408 because it was unquestionably a relocation of K.W. outside of the state. *See* A.R.S. § 25-408(A)(1); *Berrier*, 245 Ariz. at 606 , ¶ 9 n.2 (explaining that Mother's out-of-state residency "did not eliminate that the requirement that the court, which had exclusive continuing jurisdiction under § 25-1032(A), engage in the § 25-408(I) analysis"); s*ee also Vincent*, 238 Ariz. at 153, ¶ 10

("At the time of Mother's moves . . . , there was a court order in place entitling both parents to custody or parenting time, thereby satisfying the initial requirement for application of [the statute].").

¶9          Mother also contends § 25-408 does not apply because the April 2017 decree "made no reference whatsoever to . . . § 25-408" and Father's "unilateral choice to initiate the post-Decree proceeding and label it as one challenging 'relocation' cannot control." But K.W. resided in Arizona at the time of the decree and Mother had not expressed any intention to relocate with K.W.; therefore, there was no need for the Decree to reference the statute. Moreover, even if we accept Mother's contention that this case is a "long-distance parenting issue" and not a "relocation case," the superior court did not abuse its discretion by considering the § 25-408(I) factors. *See Buencamino*, 223 Ariz. at 163, ¶ 10 n.3. Mother conceded as much in her prehearing statement, asserting that "[a]lthough the provisions of A.R.S. § 25-408 are not applicable in this matter, the Court may, in its discretion, consider the best interest factors outlined in A.R.S. § 25-408(I)." Thus, the court did not err in considering § 25-408(I)'s factors when determining whether Mother's move to Nevada was in K.W.'s best interests. *See Gutierrez v. Fox*, 242 Ariz. 259, 270, ¶ 44 (App. 2017) ("Although this is not a relocation case under § 25-408, the superior court may consider § 25-408 factors in resolving a long-distance parenting issue."); *Munari v. Hotham*, 217 Ariz. 599, 602, ¶ 15 (App. 2008) ("[T]he courts are both empowered and obliged to consider the child's best interests when a parent moves to relocate a child.").

¶10         Finally, Mother does not contend on appeal that the superior court should have summarily dismissed Father's petition pursuant to A.R.S. § 25-411(A), the statute that generally bars parents from seeking to modify parenting time earlier than one year after a prior order setting parenting time. *See Robert Schalkenback Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 17 (App. 2004) (explaining that issues not raised in an opening brief are considered abandoned and waived).

¶11         Even if she had raised the issue, the one-year bar established by § 25-411(A) applies equally to parents seeking to relocate when a proposed relocation "would implicate a further change in decision-making or parenting time." *Murray v. Murray*, 239 Ariz. 174, 177, ¶ 9 (App. 2016*); cf. Pollock v. Pollock*, 181 Ariz. 275, 279 (App. 1995) (finding the custodial parent's "proposed move is in the nature of a motion to modify visitation" and when "a parent seeks to remove a child from the state and . . . such [a] move may adversely affect the other parent's visitation rights a hearing should be held to resolve the issue"); *Bloss v. Bloss*, 147 Ariz. 524, 526 (App.

1985) (concluding that a mother's move to another state was equivalent to an order seeking a modification of father's parenting time and a best interests hearing was necessary). Accordingly, the superior court did not err by holding a hearing on whether the relocation was in K.W.'s best interests because Father contested K.W.'s relocation from Arizona to Nevada and the evidence demonstrates that the relocation clearly and negatively impacted Father's parenting time.

### B. Modification of Physical Custody and Parenting Time

**¶12** Before changing a previous custody order, the superior court "must determine that there has been 'a material change in circumstances affecting the welfare of the child.'" *Vincent*, 238 Ariz. at 155, ¶ 17 (citation omitted). Mother argues that because the decree already established a long-distance parenting plan, her relocation of K.W. "could not serve as a changed circumstance for modification purposes." We review findings of a material change in circumstances for an abuse of discretion. *Id.* The court's order does not make an express finding that Mother's move constituted a material change, but the specific factual findings supporting its conclusion that the relocation was not in K.W.'s best interests allow us to infer such a finding. *Canty v. Canty*, 178 Ariz. 443, 449 (App. 1994) (finding a parent's move to Montana was a material change in circumstances even though the court's minute entry did not specifically find any such change); *see also Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990) ("[A]s a general rule, an appellate court may infer that the trial court has made the additional findings necessary to sustain its judgment."). On this record, reasonable evidence supports the court's finding and Mother provided no authority for her contention that a custodial parent's relocation of a child from one state to another cannot be considered a material change if a long-distance parenting plan is already in place.

**¶13** Mother does not challenge any of the superior court's factual findings under either § 25-403 or § 25-408(I) so we affirm the court's order denying relocation and modifying physical custody and parenting time without analysis of the factual findings.

### C. Attorneys' Fees and Costs

**¶14** Both parties request attorneys' fees incurred in this appeal under A.R.S. § 25-324(A), which requires us to consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Neither party took unreasonable positions in this appeal. Having considered the relevant financial evidence

in the record, we decline to award fees.  Because Father is the successful party on appeal, he may recover his taxable costs upon compliance with ARCAP 21.

**CONCLUSION**

¶15　　　Based on the foregoing, we affirm.

